No. 2535.—CITIZENS' BANK *v.* S. A. KNAPP et al.

Prescription does not run against a stock loan note, secured by the pledge of bank stock of the bank from which the loan was obtained.

An engine and machinery in and attached to a sugar house forms a part of the realty, and is subject to mortgage, but when detached, or removed from the sugar house, it becomes movable property, and is not subject to mortgage.

In a suit to recover damages for the removal of an engine and machinery, by the mortgagor from a sugar house, the mortgagee must, in addition to showing bad faith, allege and show the actual injury done.

APPEAL from District Court, Parish of Pointe Coupée. *Miller*, J. *F. N. Farrar*, for plaintiff and appellant. *A. Provosty*, for defendants and appellees.

HOWELL, J. Mrs. Knapp procured a stock loan from the plaintiff, and, to secure the payment of the note given therefor, mortgaged a sugar plantation in Pointe Coupée, and pledged her stock in said institution. In January, 1856, she sold said plantation and bank stock to Ponce Colomb, who specially assumed the payment of said stock loan note, and all the responsibilities of the ownership of said shares of the capital stock so pledged. Colomb paid the annual installments on the note up to April, 1861. In April, 1866, this suit was instituted on the note and assumpsit against both defendants, who severed in their defense—Mrs. Knapp pleading prescription and novation, and Colomb pleading the prescription of five and ten years. Pending the suit, the defendant sold the engine and machinery on the plantation to Patin & Cazayoux, who removed the same; whereupon plaintiff filed a supplemental petition, charging said vendor and vendees with fraud, and prayed that the latter be made defendants; that the said engine, machinery, etc., be decreed subject to and sold under said mortgage, and that the said vendees be condemned *in solido* to pay two thousand dollars damages.

Judgment was rendered against Mrs. Knapp, and also subsequently in favor of the other three parties. From this latter judgment plaintiff appealed.

The defendant, Colomb, is evidently liable on his assumpsit. He specially recognized the pledge of the bank stock transferred to him with subrogation, and assumed to pay the note for which the pledge was given, "putting himself expressly in the place and stead of said Mrs. Knapp." The continuing interruption of prescription thus caused by the pledge binds him, and he is personally liable for the debt.

No exception being taken by Patin & Cazayoux to the proceeding herein against them, the questions are presented:

*First*—Whether or not the machinery purchased and removed by them during the pendency of this suit must be considered subject to the mortgage; and,

*Second*—Whether or not they are liable in damages?

1. The first question, it seems, must be answered in the negative.

When detached or separated from the sugar house, and removed from the plantation, these things became again movables, and did not pass to the third or purchasers subject to the mortgage, not being, as movables, susceptible of mortgage. C. C. 3256. Their susceptibility of mortgage existed only while they remained as placed by the owner, to be used in carrying on the plantation works. C. C. 459.

2. The liability of the purchasers for damages depends on their good or bad faith, and the fact whether or not damages are proven. Their knowledge that the articles purchased by them were, at the date of their purchase, immovables by destination; and subject to the mortgage on the plantation, may establish bad faith; but unless it is alleged and proven that damage was actually sustained by the plaintiff, the mortgagees, in consequence of their act, none can be recovered of them. It would be a case of " *damnum absque injuria.*"

There is no proof of any damage in this case, but the judgment should be one of nonsuit as to these purchasers.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of the defendant, Ponce Colomb, the sum of six thousand eight hundred and twelve dollars, with ten per cent. interest thereon from third of April, 1861, with costs.

It is further ordered that there be judgment on the supplemental petition in favor of Hubert Patin and Clair Cazayoux, as of nonsuit, with costs. The costs of appeal to be paid by appellees, P. Colomb, H. Patin and C. Cazayoux.