Weill *v.* Thompson and others, Intervenors.[1]

*(Circuit Court, E. D. Louisiana. January 20, 1885.)*

Immovables by Destination—Mortgage.

Machinery attached to a plantation, and used for plantation purposes, though included in a mortgage, if purchased and removed, even during the pendency of a suit to enforce the mortgage, were withdrawn from the operation of the mortgage. When machinery is removed from a plantation, it again becomes a movable, and as such could not be susceptible of mortgage, even if the purchaser was in bad faith; that is, purchased with knowledge of the mortgage. *Citizens' Bank* v. *Knapp*, 22 La. Ann. 117.

At Law. On trial of interventions.

*C. B. Singleton, R. H. Browne,* and *B. F. Choate,* for plaintiff.

*Joseph P. Hornor* and *Francis W. Baker,* for intervenors.

Billings, J. The question submitted is upon the intervention. Defendant executed a mortgage to plaintiff of a plantation. At the time of the execution of the mortgage, the mules and machinery in question were upon the plantation, and in use in connection with it for the purpose of working it. Subsequently, and with knowledge of the mortgagee, the intervenors purchased these articles; they were severed from the plantation, and were in the possession of intervenors when the proceedings to foreclose the mortgage were instituted. That mules and machinery so situated were by destination immovables, is determined by Civil Code La. art. 468.

The case of *Citizens' Bank* v. *Knapp*, 22 La. Ann. 117, holds that machinery attached to a plantation and used for plantation purposes, though included in a mortgage, if purchased and removed, even during the pendency of a suit to enforce the mortgage, were withdrawn from the operation of the mortgage. The ground upon which the conclusion of the court is placed, is that, when detached from the sugar-house and removed from the plantation, the machinery became again a movable, and as such could not be susceptible of mortgage; that this would be true even if the purchaser was in bad faith; that is, purchased with knowledge of the mortgage.

A strong argument, both at the trial and subsequently by brief, was made in favor of the destination which the law had given to the mules and machinery, continuing so long as the persons dealing with the property knew of the mortgage. But in cases not involving any provision of the constitution of the United States, and not springing out of negotiable paper, (which last are ranked among causes governed by the general law-merchant and not by the local law,) the construction given by the court of last resort of a state, and not qualified by any subsequent decision, as to the meaning of a statute, is a part of the statute, and is binding upon the federal courts.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

In *Leffingwell* v. *Warren*, 2 Black, 603, the supreme court says:

"The construction given to a statute of a state by the highest judicial tribunal of such state is regarded as a part of the statute, and is as binding upon the courts of the United States as the text."

There is no ambiguity in the opinion of the supreme court, (*Citizens' Bank* v. *Knapp*,) nor has it been at all qualified by any subsequent decision of that tribunal. The question submitted is not one of those where the federal courts may act independently of the judicial construction of the highest tribunal of a state. The reported case is even stronger than this, for the severance of the property from the plantation was effected even after the institution of the suit to foreclose. The knowledge there was certainly as clear as here. This case is, therefore, paramount with this court, and leaves no latitude, except to ascertain carefully what the views of the court, as expressed, are. These close the case against the plaintiff and require a judgment in favor of the intervenors, with a reservation to the plaintiff to sue for all damages if the property mortgaged shall not or has not realized a sufficient amount to pay the mortgage. Let there be judgment accordingly.