THE McKINNON-YOUNG COMPANY, A CORPORATION, S.
H. McKINNON, ED. GOINS, M! T. MARSHBURN AND
B. V. PAGE, *Appellants,* v. JOHN N. C. STOCKTON
AND E. W. LANE, AS TRUSTEES AND RECEIVERS
OF THE WYLLY-GABBETT COMPANY, A CORPORA-
TION, *Appellees.*

RECEIVERS—SUCCESSIVE RECEIVERS—RIGHTS, DUTIES AND POW-
ERS OF—CONTEMPT PROCEEDINGS FOR INTERFERENCE WITH
PROPERTY IN HANDS OF RECEIVER—DISCOVERY FROM TRES-
PASSER ON LAND IN HANDS OF RECEIVER.

1. In a legal sense property placed by a court in the hands of a
receiver is not in the possession of such receiver, but in the
possession of the court, through such receiver as its officer.

2. Where a receiver is appointed over property in litigation,
and, pending such suit, is removed and another party appointed
receiver in his place and stead without a release by the court of
its custody and possession of the property involved, such suc-
ceeding receiver has all the rights, powers and duties of his
predecessor or predecessors in the receivership, and it can make
no difference with any third person who unwarrantably in-
terferes with or trespasses upon property while in the possession
of the court through its receiver as to who the individual was
that was receiver at the time of such interference or trespass.
The trespass in such case is not against the receiver as an in-
dividual, but against him as the official representative of the
court, and a succeeding receiver appointed subsequently to
such trespass can take the same steps looking to its redress as
could his predecessor in the office of receiver at the time of the
trespass.

3. In a proceeding by petition filed by a receiver of the court
in an equity cause against third parties alleged to have un-
warrantably interfered and trespassed upon lands in the
possession and custody of the court through its receiver, for
summary redress of such trespass in the nature of contempt
proceedings, it is proper for the court to require the defendant
in such proceeding to discover on oath in his answer to such
petition the quantity and value of the products of such lands,
if any, that may have been removed therefrom and appro-

priated by such defendant during the entire time since such land was first taken into the custody of the court through its receiver, whether such trespass occurred subsequently to the appointment of the receiver filing such petition, or prior thereto during the administration of a predecessor in such receivership.

This case was decided by Division B.

Appeal from the Circuit Court for Levy County.

The facts in the case are stated in the opinion of the court.

· *Geo P. Raney* and *Fred Cubberly,* for appellants;

*Cooper & Cooper* and *A. H. King,* for appellees.

TAYLOR, J.—This is the second appeal of this cause to this court from interlocutory orders made therein. For a full statement of the facts and proceedings therein, see 53 Fla. 734, 44 South. Rep. 237; from which it will be seen that the former appeal was from orders overruling a plea and demurrers filed by the appellants to a petition exhibited against them by the appellees, as trustees and receivers of the court, alleging a wrongful and unwarranted trespass upon the properties in their hands as such trustees and receivers and a wrongful and unauthorized conversion by said appellants of said properties or parts or proceeds thereof.   On July 20th, 1907, after this court had passed upon the questions presented in the former ·appeal, affirming the orders appealed from, and notified the court below of its action by its mandate, the circuit judge, on the application of the appellees, made the following order:

"In the Circuit Court, in and for
Levy County, Florida. In Chancery.

H. A. Williams, *et al.,*

v.

Wylly-Gabbett Company, *et al.,*

George W. Owens, as Trustee,

v.

Wylly-Gabbett Company,

In the matter of petition of John N. C. Stockton and E. W. Lane, as trustees, petitioners, v. The McKinnon-Young Company, a corporation, S. H. McKinnon, Ed. Goins, M. T. Marshburn and B. V. Page, respondents. The above entitled cause coming on this day to be heard on the application of said John N. C. Stockton and E. W. Lane, as trustees in the above mentioned matter of said petition of said trustees against said respondents, the McKinnon-Young Company, a corporation, S. H. McKinnon, Ed. Goins, M. T. Marshburn and B. V. Page, filed the 30th day of June, 1906, for order requiring the said respondents to said petition of said trustees to file their answers to said petition and accounts or statements of account, as part of such answer, as prayed in the petition. It is ordered that the said above named respondents to said petition, and each of them, within thirty days from date hereof, do file their answers to said petition, and as part thereof, do state and discover the turpentine, rosin, naval stores and other products, if any, taken by said respondents, or any of them, from the trees on said lands mentioned and described in said petition since the date of the appointment of said George W. Owens, as receiver, to-wit: the 5th day of May, 1905, and the amounts and values of said turpentine, rosin, naval stores and other products, if any, so taken

by said respondents, or either of them from said lands during said period.

Done this July, 20th, 1907.

J. T. WILLS, Judge."

From this order the present appeal is taken.

Five reasons are assigned as to why this order is erroneous, viz.:

(1) Because said order is entitled of the cause of George W. Owens, trustee, v. Wylly-Gabbett Company, the petition not having been filed in said cause.

(2) Because said order prescribes that the said answers shall state and discover the turpentine, rosin, naval stores and other products if any taken from the trees on the lands.

(3) Because said order requires a discovery of such naval stores taken from said lands from the date of the appointment of Owens, as receiver, a time prior to the appointment of Stockton and Lane as trustees, who are the petitioners herein.

(4) Because said order provides for a recovery for naval stores taken from the lands prior to the appointment of the petitioners Stockton and Lane, as trustees.

(5) Because no order as to discovery should be made until the equities of the case have been settled after answer by defendants, and said order is erroneous in so far as it calls for a discovery prior to the settlement of the equities in the controversy.

The first of these assaults upon the said order is captious.

The case of H. A. Williams, *et al.,* v. Wylly-Gabbett Company, George W. Owens, *et al.,* had, prior to the making of this order, been dismissed, and prior thereto, on June 26th, 1907, the judge had made a decree to the effect that all proceedings heretofore taken and had by the said Stockton and Lane, as trustees in said cause of

Williams *et al.* v. Wylly-Gabbett Company, George W. Owens *et al.* and all the acts and doings of said trustees heretofore had and done as such trustees or in pursuance of orders and directions in said cause be, and the same are, confirmed, and that all actions, proceedings and suits by the said trustees still pending and undisposed of, to proceed and continue, and that such trustees do report of and concerning the same in said cause wherein George W. Owens, as trustee is complainant and said Wylly-Gabbett Company is defendant, and any such proceedings pending in this suit, be and are transferred into the said suit in this court wherein George W. Owens is complainant and the said Wylly-Gabbett Company is defendant, and shall proceed therein as though it had been originally entitled therein. In other words, the said Stockton and Lane have been originally appointed virtually as receivers of the court of the properties of the Wylly-Gabbett Company in litigation, said appointment being made in the suit of Williams, *et al.,* v. Wylly-Gabbett Company, George W. Owens, *et al.* The latter suit being finally determined adversely to the complainants therein and ordered to be dismissed, the original suit, that it was brought to restrain and enjoin, of Owens as trustee, v. Wylly-Gabbett Company, for the foreclosure of mortgage on all of the properties of the defendants, was ordered to proceed. In the last named suit, the court had made an order on May 5th, 1905, placing all the properties of the Wylly-Gabbett Company in the hands of George W. Owens, as the receiver of the court. This receivership has never been discharged or vacated, but the court has kept the properties in its custody through its receivers throughout the entire litigation, never once releasing its grasp thereon. Stockton and Lane though called trustees, are in the eye of the law receivers of the court, and successors, to the original receiver, George W. Owens. All

of such receivers are officers of the court holding the property and dealing with it under the orders of the court as such court's representative, and it makes no difference, under the circumstances of this case, in which one of the two differently styled causes they were appointed, they are the receivers of the court for the properties of the Wylly-Gabbett Company, with all the rights and powers of the receiver originally appointed therefor on May 5th, 1905, and have the right to sue for, recover for, and protect said properties against unwarranted intrusions thereon, even if such intrusions were committed prior to the date of their actual appointment as such receivers. In a legal sense property placed by a court in the hands of a receiver is not in the possession of such receiver, but in the possession of the court, through such receiver as its officer. 'Thompson v. Phoenix Ins. Co., 136 U. S. 287, 10 Sup. Ct. Rep. 1019. The properties of the Wylly-Gabbett Company involved in the whole of this litigation, were first taken possession of by the court through its receiver on May 5th, 1905, and have continued in such court's possession ever since, and in such a case of successive receivers, each succeeding one has all the rights, powers and duties of his predecessors in such receivership, and it can make no difference with any third person who unwarrantably interferes with any of the properties while in the possession of the court through its receiver as to who the individual was that was receiver at the time of such interference. The trespass in such a case is not against the receiver as an individual, but against him as the official representative of the court, and a succeeding receiver appointed subsequently to such trespass can take the same steps looking to its redress as could his predecessor in office at the time of the trespass. Besides all this the order of the court in the body thereof, inde-

pendently of the caption to such order fully, clearly and certainly identified the parties and the proceedings who were to be affected thereby.

What has been said disposes of the first, third and fourth grounds of objection to the order appealed from.

There is no merit in the second and fifth grounds of objection thereto. In the former appeal of the case, the question raised by these objections has virtually been decided. In that case, we held in effect, that if the allegations of the petition of the appellees were true, there was an unwarranted interference with the property in the hands of the appellees as receivers of the court, and subjected the appellants to the summary remedy sought by said petition. One of the reliefs sought by said petition was that the appellants might be required to discover upon their oaths what turpentine, rosin, naval stores and other products they had taken from said lands from 5th of May, 1905, when the same were taken possession of by the court through its receivers, up to the present time, and this prayer of said petition, sustained as being proper by the former decision of this court upon the demurrer to such petition, the order of the court appealed from herein requires the defendants to such petition to comply with. Such discovery upon the appellants' part is proper in order to advise the court of the extent, if any, of their interference with the properties in the custody of the court, and becomes necessary in order to enable the court intelligently to redress the injury, if any has been done. In their answers, the appellants will have the opportunity to show, if they can, that their acts in the premises have been authorized, or were not unwarranted, and were not a contempt of the court in its possession of said properties through its receivers, and that they are not accountable or liable to such receivers for the property

taken by them, if any, from said lands. Because they are required as part of their answers to such petition to discover the *quantity* and *value* of the property taken by them, if any, from said lands, is by no means a prejudgment of their liability therefor to such receivers. Such *liability* will be a question to be determined in the ultimate trial of the proceeding upon the petition, answers and proofs submitted thereon.

Finding no error, the decree of the circuit court appealed from in said cause is hereby affirmed at the cost of the appellants.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and WHITFIELD, J., concur in the opinion;

COCKRELL, J., took no part in the decision.