WILLIAM S. HOOD, TRUSTEE, *Appellant*, v. OCKLAWAHA VALLEY RAILROAD COMPANY, A FLORIDA CORPORATION, *Appellee.*

Opinion Filed January 12, 1920.

Petition for rehearing denied April 13, 1920.

1. The question of the power of a court of equity to appoint for a definite minimum period of time a receiver of common carrier railroad properties will not be determined by an

appellate court in a review of the case where it appears that the question has become moot because of the expiration of the period for which the appointment was made.

2. It will not be held an abuse of discretion for a circuit judge to discharge a receiver of the properties of a common carrier railroad company and appoint another receiver for the purpose of testing the question of whether such railroad may be profitably operated and in the meantime to postpone the sale of such properties until the further order of the court, "the court being of the opinion that all reasonable effort should be made to continue the operation of said railroad as a common carrier if the same can be done without further material injury to the bondholders of said defendant railroad company."

3. The State is interested in the continuation of the operation of a common carrier railroad company and may properly be permitted to intervene in a suit brought by a trustee of bondholders to foreclose a mortgage on the railroad properties where it appears that the contemplated result of such suit will be to discontinue the operation of trains upon such railroad and permit it to be dismantled and removed.

4. After the appointment of a receiver the court making the appointment and having jurisdiction of the property may from time to time during the pendency of the suit in which the appointment was made make such further orders as are necessary and proper for the protection of the property and the interests concerned.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Orders affirmed.

*Hocker & Martin* and *Geo. C. Bedell,* for Appellant;

No appearance for Appellee;

*Dozier A. DeVane,* as Amicus Curiae.

WEST, J.—The case which we are to consider has been before this Court before, State ex rel Railroad Commission et al. v. Bullock, Circuit Judge, 78 Fla. 321, 82 South. Rep. 866, but the issues presented on this appeal were not presented at that time. That was an original proceeding in prohibition brought for the purpose of testing the validity of certain provisions of a final decree which the Circuit Judge had, on the 24th day of December, 1917, entered in the case.

The facts in the case are sufficiently set out in the opinion in that case for all purposes necessary in dealing with the aspect of the case under consideration now.

Three orders of the Circuit Judge, made after the final decree had been entered, dealing with the receivership of the property, a railroad corporation, are appealed from.

The first order, made on January 11, 1918, is as follows:

"This cause coming on this day to be heard upon application of the State to intervene, etc., and the Court being advised in the premises, and after argument of Dozier A. DeVane, of counsel for the Railroad Commission, and William Hocker, of counsel for Wm. S. Hood, Trustee, and after consideration of the proposition on the part of the State to furnish a Receiver, and the Court being advised that H. S. Cummings is the party who is willing to act as such receiver and the party to whom the proposition of the State refers, and the Court being of the opinion that all reasonable effort should be made to continue the operation of the said railroad as a public carrier, if the same can be done without further material injury to the bondholders of the said defendant railroad, and it appearing that the said H. S. Cummings is an entirely responsible party and competent to act as receiver, it is thereupon.

"Ordered, adjudged and decreed that if the said H. S. Cummings does file in this Court before the 30th day of January, 1918, a good and suffiicient bond in the sum of twenty-five thousand ($25,000.00) dollars, signed by two sureties or by a surety company to be approved by the Court, payable to Wm. S. Hood, Trustee, conditioned for the faithful discharge of his duties as receiver in this cause, conditioned also that he, the said Cummings, pay to the said Hood, Trustee, all costs, damages or losses which the said Hood as Trustee or the holders of the indebtedness secured by the trust deed sought to be foreclosed herein, may sustain for or on account of any cost of repairing, equipping or operating the line of railroads of the Oklawaha Valley Railroad during said receivership, conditioned also, that the said Cummings shall pay all cost, damage or loss incurred in the operation of said railroad during his receivership of same and hold the said Hood, Trustee, harmless on account of the same and wholly relieve the property involved in this cause from any lien or charge for or on account of the same.

"It is further ordered that if the said Cummings file bond as above provided, the Court will enter a further order in this cause discharging the present receiver and requiring such receiver to turn over all the assets involved in this cause to the said Cummings, and appoint the said Cummings receiver with power and authority to operate the said railroad for a term of not less than one year, unless during said period the said receiver should report to the Court his inability to operate said road as such receiver, and the Court will further enter an order continuing indefinitely the present sale which is advertised under the final decree in this cause, to take place on the 4th day of February next, and said order appointing said Cummings, receiver, will provide that he shall bring said

road in operation as a common carrier within sixty days from the date such bond is filed, and that the same will thereafter be kept in operation as a common carrier during the duration of the said receivership or until the further order of the Court, and such order will further provide that in the interest of the complainant herein and the bondholders, the firm of Hocker & Martin, attorneys-at-law, shall act as counsel for such receiver pending said receivership.

Done and ordered at chambers at Ocala, Florida, this the 11th day of January, 1918.''

The second order, made January 19, 1918, was amendatory of the first order respecting the bond required to be given by Cummings as receiver, providing that Hood, Trustee, should have greater protection and requiring that Cummings as receiver should pay the operating expenses of the road, the cost of repairing, equipping and operating the line, and conditioned also that the said Cummings as receiver should hold the said Hood, Trustee, and Assets Realization Company harmless on account of damages sustained on account of personal injuries, stock claims and operating expenses, and in other respects not necessary to be here recited.

The third order, made January 22, 1918, recites that Henry S. Cummings had filed the bond required of him in the former orders and that such bond had been approved by the court, and ordered that (1) the receiver formerly appointed by the court be required to turn over to Cummings as receiver all the assets involved in the case except the books, accounts and cash; (2) that Cummings be appointed receiver of the said roalroad with power and authority to operate it for a term of one year or until such time as the said receiver should report his inability to operate said road as receiver; (3) that the order of sale

theretofore decreed in said cause be continued till the further order of the court; (4) that the receiver bring the said railroad into operation as a common carrier within sixty days from the date of the filing of his bond as receiver and keep said railroad in operation as a common carrier during said term or till the further order of the court; (5) that in the interest of complainant (who was the Trustee )and the bondholders the law firm representing them be appointed as counsel for the receiver during his receivership.

One of the questions raised and urged here is that the court appointed Cummings as receiver for a period of one year, the argument being that the court was without authority to make such an appointment for a definite period of time. The obvious answer to this question is that at the time the case was considered here the period for which the appointment was made had expired, so that it was simply a moot question unnecessary to be considered.

It appears from the recitals and statements in the record that the property involved was of a common carrier railroad company; that it was in the hands of a receiver at the time of the appointment of Cummings as receiver, and that "the court being of the opinion that all reasonable effort should be made to continue the operation of said railroad as a common carrier, if the same can be done without further material injury to the bondholders of said defendant railroad," permitted the State to intervene as a party, appointed another receiver to operate the property for the purpose of testing the question of whether the railroad could be profitably operated, and in the meantime postpone the sale of the property until the further order of the court.

Obviously the State was interested (see State ex rel Railroad Commission et al. v. Bullock, Circuit Judge, supra), and, as recited by the Circuit Judge, it was proper that all reasonable effort be made to continue the operation of the railroad as a public carrier. The object of the three orders which are appealed from was intended for the accomplishment of this purpose, and there is no apparent injury to the railroad company or to the bondholders and creditors in such orders. 104 U. S. 135.

The first order appealed from was modified by the other two orders appealed from and there has been no time in which the Circuit Judge could not have made any order necessary in the case which in his judgment was for the protection of the property and interest concerned.

It follows that the orders appealed from must be affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., dissents.