CITIZEN'S NATIONAL BANK OF FERNANDINA, *Plaintiff in Error,* v. FLORIDA TIE AND LUMBER COMPANY, *Defendant in Error.*

## Opinion Filed June 10, 1921.

1. Rule 20 of the Supreme Court requires the brief for the plaintiff in error to be in accordance with and confined to the distinct specifications of error contained in the assignment of error and each ground of error insisted upon to be argued and separately presented and numbered in proper order with citations of authorities relied upon in support thereof.

2. A general agent of a corporation cannot delegate to a subordinate agent the former's authority to execute negotiable instruments on behalf of the corporation.

3. Assignments of error not discussed by counsel for plaintiff in error are considered as abandoned.

4. There is no implied authority from a corporation to one of its officers to issue accommodation notes for third persons, although it might be bound by such obligations in the hands of a holder in due course.

5. Where the holder of a promissory note purporting to have been issued by a corporation by its treasurer for the accommodation of a third person a co-partnership of which the treasurer executing the note was a partner and such fact is known to the holder of the note who discounted it before maturity, the burden is upon the holder to show that the treasurer making the note had authority from the corporation to execute a note in its behalf for such purpose.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

*Giles J. Patterson,* for Plaintiff in Error;

*Reynolds & Rogers,* for Defendant in Error.

ELLIS, J.—This was an action by the Citizens National Bank against the Florida Tie and Lumber Company, both corporations, upon three promissory notes alleged to have been made by the defendant, payable to the order of G. S. Baxter & Company, a partnership, and endorsed by that company to the plaintiff before maturity. There were three counts in the declaartion; each declared on one of the notes, the first on the note for $2,000.00, dated August 8th, 1917, and payable ninety days after date, upon which the sum of $925.00 had been paid; the second on the note for $4,000.00, dated September 10th, 1917, and payable sixty days after date, and the third on the note for $5,000.00, dated October 13th, 1917, and payable sixty days after date.

This case presents an instance of the practically inextricable tangle into which a multiplicity of words may involve a very simple proposition of law. It would be worse than useless to attempt to follow the almost indiscernible path along which the many pleas, replications, amendments and demurrers lead, and we will undertake to state only the substance of such pleas and replications as we conceive to have any bearing upon the question presented for our determination. The record recites that the parties submitted the cause to a jury on the issues joined between them, that the court directed a verdict for the defendant and judgment was entered in its behalf. The plaintiff took a writ of error to that judgment.

At the time of applying to the judge for a settlement of the bill of exceptions the plaintiff submitted ten assign-

ments of error. All of the assignments were based upon objections and exceptions taken to the ruling of the court in admitting or rejecting evidence, and the charge directing a verdict for defendant; these were numbered from one to seven, inclusive. The assignment of errors filed later, upon which the plaintiff relies in this court for reversal, consists of seven more assignments, all of which rest upon the different rulings of the court upon the pleadings. These are numbered from one to seven, inclusive. Those numbered from eight to seventeen, inclusive, and those numbered from one to ten, inclusive, in the first assignment of errors are identical.

Counsel for plaintiff in error in preparing his brief did not observe Rule 20 of the Supreme Court which requires the brief of the plaintiff in error to be "in accordance with and confined to the distinct specifications of error contained in his assignments of error, and each ground of error insisted on shall be argued and separately presented and numbered in proper order, with citations of the authorities relied upon in support thereof." This rule was adopted because it was believed that its observance would facilitate the work of this court in considering the questions involved. Its observance in this case would have been of especial benefit to the court.

The third note which was declared on in the third count of the declaration was signed in the name of the defendant corporation by "C. H. Barnes, V. P." The original third plea averred that C. H. Barnes did not sign the note. On that plea issue was joined. But there was a first special replication also interposed to that plea which alleged that the name of Barnes was signed to that note by W. Frazier Jones, under authority of Barnes to do so. A second special replication alleged that Barnes

had before the signing of the note in his name by Jones, authorized Jones to sign obligations of the corporation in that manner; and a third special replication alleged a general authority from Barnes to Jones to sign the former's name as Vice President to any corporate papers, and there was no acting President of the company. A demurrer was sustained to these three special replications, and such order is made the basis of the third assignment of error. We find in the brief for plaintiff in error practically no discussion of this assignment. We think there is no merit in the assignment, however, because a general agent of a corporation cannot delegate to a subordinate agent the former's authority to execute negotiable instruments on behalf of the corporation. See Emerson v. Providence Hat Mfg. Co., 12 Mass. 237, 7 Am. Dec. 66; 7 R. C. L. 640. The evidence was undisputed that Barnes did not sign the note.

The first and second notes, upon which the first and second counts of the declaration rest, were signed in the name of the defendant corporation by W. Frazier Jones, Treasurer. The original fourth plea to these counts averred that Jones was treasurer of the defendant corporation, also one of the partners of Baxter and Company, which the plaintiff knew at the time it took the notes, that defendant received no value therefor and had given no power or authority to Jones to make the notes, but that he made the same, delivered them to himself as a member of Baxter and Company for the purpose of lending the defendant's name and credit to Baxter and Company, of which the plaintiff had notice before taking the notes. The sixth plea averred that the notes were made for the purpose of lending defendant's "name" to Baxter and Company, for which defendant received no value, and the plaintiff did not become a holder before

maturity; the seventh plea averred that the notes were for the purpose of lending the defendant's "name" to Baxter and Company, that it received no value therefor, and the plaintiff had notice before it became the holder of the note. The plaintiff by replication denied that it had the notice averred in the fourth plea, and made no reply to the sixth and seventh pleas. The defendant then interposed an additional plea to the two first counts. That plea, after averring what the powers of the corporation were, averred that it did not have power to transact a surety business, or to issue commercial paper for accommodation of other persons, but that the two notes were made by Jones ,the defendant's treasurer, without authority, not in relation to defendant's business, but solely to lend its credit to Baxter and Company for their accommodation and without any consideration to defendant. A demurrer to this plea was overruled. This order is made the basis of the second assignment of error, which is not discussed; so that assignment is considered abandoned.

About two months after the special plea was filed the plaintiff interposed five replications to it, and joined issue upon it. The defendant's demurrer was overruled as to the third and fourth replications, and sustained as to the first, second and fifth. This order is made the basis of the fourth assignment of error. That assignment is not discussed, and should be treated as abandoned. In view of the fact that after the order was made the defendant withdrew pleas numbered four and eight, the order if erroneous became harmless, so there was no reason for the assignment of error.

The additional pleas filed February 24th, 1919, were entitled amended pleas, and were five in number. A de-

murrer to these pleas was sustained·as to all except the
third; as to that plea it ·was ·overruled. ·That, order is
made the .basis . of ·the fifth assignment .of error, which
also seems to have merited little attention in counsel's
brief.

The third amended plea averred that the notes were
executed in the name of the defendant company by Jones,
Treasurer, and made payable to the order of Baxter and
Company, a co-partnership, of which Jones was a mem-
ber; that. the notes were executed and issued by Jones for
the purpose of using the name and credit of the defendant
solely for the benefit of himself and his partners, and not
in relation to or furtherance of the defendant's business,
without any *express* authority from the board of direc-
tors, and defendant never received any value therefor, and
that plaintiff knew at the time it took the notes that
Jones was a partner of Baxter and Company. A pecu-
liarity of these five pleas is that they are all alike, pre-
senting the same defense to the first and second counts
of the declaration. The plaintiff then filed five replica-
tions to the amended third plea. The first joined issue.
The second denied that Jones executed the notes with-
out express authority. The third was abandoned. The
fourth averred that the stockholders and directors had
not held regular meetings, but had allowed Jones, who
was Treasurer ,to manage the financial affairs of the com-
pany, and he had frequently signed *checks* and *other*
notes of the corporation and transacted business gener-
ally. The fifth averred that Jones had been accustomed
to execute notes from time ·to time of the defendant cor-
poration and attending to the general conduct of defend-
ant's business, and the plaintiff knew that fact and relied
upon it when it discounted the notes. The sixth averred
that the directors and stockholders had permitted Jones

to assume and direct the entire management and control of the business of the corporation.

A demurrer to these replications was sustained as to the fourth, fifth and sixth, and overruled as to the second. That order was made the basis of the sixth assignment of error.

The plaintiff then interposed three amended replications to the third amended plea. The first alleged that the notes were discounted for Baxter and Company and the proceeds deposited to their account, but it was done without knowledge that the defendant had not authorized the making of the notes or that they were issued without consideration to the defendant; it was averred that there were no irregularities to differentiate the notes from any others made to Baxter and Company by the defendant, and that the plaintiff had many times before discounted other notes made and signed in the same manner which had been duly paid, and the plaintiff acted in good faith, relying upon the custom, and it had no knowledge of the *circumstances* alleged and that it paid value for the notes. The second alleged that the defendant was engaged in manufacturing cross-ties, and all its output were sold through Baxter and Company, who owned and controlled a majority interest in the stock (presumably of the defendant corporation), that the business office of the company was located in the office of Baxter and Company, and Jones was in sole and exclusive management and control of its financial affairs; that other officers were inactive; that the financial affairs of the defendant Baxter and Company were closely interlocked and involved, and Baxter and Company at various times furnished credit or money to the defendant for carrying on its operations, which facts were sufficient consideration to support the execution of the notes.

The third replication denied that the notes "were not in relation to or in furtherance of the business of the defendant and that defendant never received any value therefor."

A demurrer to these replications was sustained and that order constitutes the basis of the seventh assignment of error which is discussed in a very lengthy but able brief by counsel for plaintiff in error.

The case then went to trial, without any further pleadings, as the record states upon the issues joined. The issues when they are exhumed from the debris of wrecked pleas and replications will probably be found to be issues of law. When the case was tried there seemed to be little or no dispute between the parties as to the facts, which were in substance as follows: The notes were made by W. Frazier Jones, who was treasurer of the defendant corporation; at that time he was a member of the partnership of Baxter and Company; that the notes were given as accommodation to Baxter and Company; that the defendant received no consideration therefor, and. "that he had executed said notes for the benefit of the firm of G. S. Baxter and Company." That he sent the notes to the plaintiff bank, "where they were placed to the credit" of Baxter and Company, who received the proceeds of the same; that Baxter and Company had "done business with the plaintiff" five or six year; that Jones had been a member of the firm for five or six years previous to 1917, and had "done business with plaintiff as a member of the firm of G. S. Baxter & Company, he thought all that time"; that the business consisted of carrying a bank account, borrowing money, drawing checks, discounting notes, and that Jones had talked a dozen or fifteen times with Mr. Warfield, President of the bank, about the business of

Baxter and Company; that Jones always personally signed "paper" for Baxter and Company.; that he handled the business of the partnership at Jacksonville from 1912 until after the transaction involved in this case; that Baxter and Company was the manufacturer of lumber and cross-ties and had conducted business in Fernandina for some time; that all checks were signed by Jones in the name of G. S. Baxter and Company without specifying by whom; that the business with the plaintiff had amounted to about a hundred thousand dollars, and that sum had been borrowed on notes signed by Jones in the name of Baxter and Company; that it had a credit with the bank of about seventeen thousand dollars. Jones transacted all the business for the firm with the plaintiff, and Mr. Warfield during all that time was president; that Baxter and Company were large owners of stock in the defendant corporation. (The court upon motion struck that statement.) Counsel for plaintiff asked the witness Jones on cross-examination if the defendant had not received "money" from Baxter and Company during August and September, 1917. The question was objected to by defendant and excluded. That the defendant's only "office" was in that of Baxter and Company in Jacksonville; that Jones was in charge of the defendant's financial affairs and its business was the purchase of cross-ties, naval stores, selling logs and a large part of the cross-ties were sold or handled by Baxter and Company.

Mr. Warfield, the President of the plaintiff bank, testified as to the bank's method of passing on loans; that he was a member of the board that performed that function; that he "expected" that the membership of the firm of Baxter and Company was investigated; that it was their custom to make thorough investigations of that kind when loans were to be made; that loans were made to

Baxter and Company, and they would not have been made without such investigation; that in its dealings with Baxter and Company Mr. Jones represented the partnership; that the notes were received from Jones, endorsed by Baxter and Company in Jones' handwriting; that they were among the last dealings with Baxter and Company; that the witness "had understood" that Jones was a member of the firm of Baxter and Company. Warfield was plaintiff's witness. Upon cross-examination, he said that the notes were renewal notes; that he had released other notes for them, which had been given by the same parties and endorsed in the same way; that the proceeds of the other notes had been credited to the account of Baxter and Company. Mr. J. C. Reynolds, a witness for defendant, said that he was secretary of the defendant company in 1917; that there was no resolution passed at either directors' or stockholders' meetings of the company authorizing Mr. Jones to sign the notes, and there was no resolution of the directors authorizing him to execute notes generally. The plaintiff objected to the question propounded to this witness concerning a lack of authority from the company to Jones to execute the two notes.

The plaintiff then recalled Jones and propounded the following question: "Mr. Jones, will you state whether or not during the months of August and September, 1917, the Florida Tie & Lumber Company received any moneys from G. S. Baxter & Company on account?" The defendant objected to the question, which objection was sustained. He then testified that none of the proceeds of the notes went directly to the defendant and that any money that Baxter and Company may have paid to defendant at that time was in payment for something else than these notes. Upon the conclusion of the testimony the court directed a verdict for the defendant, after

striking the testimony of Mr. Warfield, developed upon cross-examination by defendant's counsel that the notes were renewals of other notes.

The issues as developed by the pleadings upon the two notes made the subject of the two first counts of the declaration, seem to have been fully met by the defendant, the plaintiff wholly failing to overcome a single defense interposed. The single question of law presented, as we are able to analyze the pleadings, is whether the plaintiff was a *bona fide* holder of the notes, assuming that the defendant had by a course of dealing authorized Jones as treasurer to execute promissory notes in its name. The third amended plea set up a state of facts, which the court in effect held was sufficient to put plaintiff on notice of the defense and destroyed its claim as *bona fide* holder, or holder in due course. The defense set up in the third plea was that the notes were executed by Jones without any express authority from the board of directors of the defendant corporation, that it received no consideration therefor, and that the notes thus illegally issued were for the alleged purpose of lending the defendant's credit to Baxter and Company. That the plaintiff was charged with knowledge of these facts when it discounted the notes, because it knew that the person who had executed the notes, Jones, was a co-partner in the partnership firm of the payee, Baxter and Company, and that the proceeds of the notes were credited to the account of that firm for the benefit of Jones and his partners.

That plea was a good defense, because there could be no implied authority from the corporation to one of its officers to issue accommodation "paper" for third persons, although it might be bound by such paper in the hands of a holder in due course. See 7 R. C. L. 602; 3 R. C. L.

1091; Johnson v. Johnson Bros., 108 Me. 272, 80 Alt. Rep. 741, Ann. Cas. 1913A 1303; 4 Thompson's Corp. (1st. ed.) 5739; 2-3 Thompson's Corp. (2nd ed.) Secs. 1563-2225; Hall v. Auburn Turnpike Co., 27 Cal. 256; M. V. Monarch Co. v. Farmers' & Traders' Bank, 105 Ky. 430, 49 S. W. Rep. 317; McCampbell v. Fountain Head R. Co., 111 Tenn. 55, 77 S. W. Rep. 1070; Haupt v. Vint, 68 W. Va. 657, 70 S. E. Rep. 702, 34 L. R. A. (N. S.) 518; Cook v. American Tubing & Webbing Co., 28 R. I. 41, 65 Atl. Rep. 641, 9 L. R. A. (N. S.) 192. That the defendant had authority to issue such paper, and that Jones as treasurer had the power to execute the notes for such purpose was a matter of defense, and the burden was upon the plaintiff if it knew the character of the paper. See Credit Co. v. Howe Machine Co., 54 Conn. 357, 8 Atl. Rep. 472; 2 Thompson on Corp., Sec. 2228. But the plea averred that the plaintiff knew that Jones who made the note was a member of the firm of Baxter and Company, the payee.

Was that sufficient to place the plaintiff on notice of the character of paper? The allegations of the replications to the plea were sufficient to show that the corporation defendant had by a course of conduct authorized Jones to issue its notes of the character averred in the plea. These replications merely alleged that he managed its financial affairs, that he signed its notes and checks and transacted its business generally. But that only relates to Jones' authority to execute the commercial paper of the corporation which under its charter it was empowered to issue in the ordinary transaction of business. The plea distinctly averred an excess of this power, an *ultra vires* act. But assuming without deciding the modern rule to be that the issuing of accommodation paper by a corporation is not strictly an *ultra vires* act, but an act which merely exceeds the limit of its power,

and is valid in the hands of a *bona fide* holder. The question recurs upon the point whether knowledge on the part of the plaintiff that the note was executed in the name of the corporation by Jones for his benefit, was sufficient to charge the plaintiff bank with notice of the excess of the corporation's power in the issuing of the notes. We think that question must be answered in the affirmative. See 7 R. C. L. 640; 3 R. C. L. 1085; National Park Bank v. German-American Mut. Warehousing & Secur. Co., 116 N. Y. 281, 22 N. E. Rep. 567, 5 L. R. A. 673; Brill Co. v. Norton & Taunton St. Ry. Co., 189 Mass. 431, 75 N. E. Rep. 1090, 2 L. R. A. (N. S.) 525; Pelton v. Spider Lake Sawmill & Lumber Co., 132 Wis. 219, 112 N. W. Rep. 29; Smith v. Los Angeles Immigration & Land Co-Operative Ass'n, 78 Cal. 289, 20 Pac. Rep. 677; Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 133, 130 S. W. Rep. 965.

The list of authorities could be extended to a much greater length, but we deem it unnecessary to multiply them. We think that the rule, both English and American, is as stated above, and although there may be some seemingly different holdings in other States, there are circumstances which differentiate them from the case at bar. Such as the case of Haldeman & Grubb v. Bank of Middletown, 28 Pa. St. 440, where Haldeman & Grub drew a draft in favor of Peter Haldeman, a member of the firm, and the draft was discounted by the bank upon the endorsement of Peter Haldeman, the court held that the draft was not upon its face notice of any irregularities.

There was no error in overruling the demurrer to the replication, nor in the rulings upon the rejection and admission of evidence. So the judgment is affirmed.

BROWNE, C. J., AND TAYLOR AND WEST, J. J. concur.