MIRROR LAKE COMPANY, a Corporation, *Appellant,* v. KIRK SECURITIES CORPORATION, a Corporation, et al., *Appellees.*

En Banc.

Opinion filed November 20, 1929.

948

*R. S. Baynard, and Kelly & Casler,* for Appellant;

*Spear, Viney, Skelton & Pearce,* for Appellees.

MATHEWS, Commissioner:

This appeal seeks to have reviewed six interlocutory orders, namely: (1) Order appointing receiver without notice; (2) refusal of court, in order discharging receiver, to restore property to owner; (3) order granting leave to file amended bill of complaint; (4) order appointing receiver under amended bill; (5) order overruling general demurrer to amended bill and partial and special demurrer to specific parts and portions of amended bill; (6) order denying rehearing.

Motion to vacate order of supersedeas is also before the court.

Error assigned upon the propriety of the appointment of a receiver under the original bill and to that part of the order of appointment that directed such receiver to make full and complete report of his acts and doings on a certain date named by the court, will not be determined by this Court in a review of such order where it appears the questions raised have become moot because of the discharge of such receiver. Hood v. O. V. R. R. Co., 78 Fla. 659, 84 So. R. 97; Hogan v. State ex rel. Williams, 86 Fla. 361, 98 So. R. 70.

Error assigned upon that part of the court's order made on ex parte application of complainant at time of filing bill of complaint directing the receiver, appointed by such order, after paying the necessary operating expenses, to pay costs of the litigation, including a reasonable fee for the services of complainant's solicitors, is harmless, where the record fails to disclose that such receiver made any such disbursements and the court appears to have corrected such error by a later order in the case requiring such receiver to make a full and complete report of all funds,

contracts, leases, sub-leases, and other instruments received pertaining to the property and deliver over same to another receiver appointed by the court to succeed him.

As a rule interlocutory orders and decrees remain under the control of, and subject to modification or vacation by the chancellor, until final decree. Gibbs v. Ewing, 94 Fla. 236, 113 So. R. 730.

It was not necessary for the court, in making order in terms discharging a receiver, to order return of the property to the owner thereof, when it appeared such receiver had not filed his final reports and it further appearing that only eleven days after making such order of discharge the court appointed another receiver over the same properties and directed the receiver first appointed to deliver all funds and properties to such last receiver.

The property in a legal sense was in the possession of the court and the court could hold such property within its grasp and continue its custody through another receiver in the case. McKinnon-Young v. Stockton, 55 Fla. 708, 46 So. R. 87; Thompson v. Phoenix Ins. Co., 136 U. S. 287, 10 Sup. Ct. 1019; State v. Jacksonville P. &. M. R. Co., 15 Fla. 201.

Error assigned upon the court's order granting leave to file amended bill of complaint not being discussed in brief or argued by appellant is considered as abandoned. Citizens Natl. Bank v. Florida Tie & Lumber Co., 81 Fla. 889, 89 So. R. 139.

The amended bill which is shown is sworn to, alleges in positive terms: that complainant is the owner of certain described lands under deed of record; that appellant, defendant below, holds under a ninety-nine year lease, attached to bill and made part thereof, wherein defendant agreed to pay rental each six months during the term and

taxes and assessments levied or imposed on the premises subsequent to the year 1923, and upon failure to pay lease might be terminated; that rent was in arrears and payment thereof has been refused by defendant; that defendant has failed to pay state and county taxes levied and assessed against the property for the year 1926, also city, state and county taxes levied and assessed against said property for the year 1927, and failed to pay a certain lien against the property in favor of city, represented by a certain certificate of indebtedness; that defendant has sub-leased the premises and is receiving large sums as rentals; that defendant agreed to pay and account for sub-rentals but has failed so to do; that funds from sub-rentals are being dissipated and disbursed by defendant and not applied to amounts due complainant under the lease; that unless sub-rentals be applied to indebtedness due complainant it will lose the amount already due it and be deprived of possession of its property, without any prospect of compensation therefor. The amended bill alleges upon information and belief that the defendant is insolvent, and prays for the appointment of a receiver to take charge and operate the property and impound and preserve the net profits thereof to abide the orders of the court, that after a day named the lease be cancelled, and for process and general relief.

One affidavit was before the court in opposition to appointment of receiver under the amended bill; this was by the secretary of defendant corporation, and does not deny non-payment of rent to complainant nor of taxes alleged to be unpaid and such affidavit fails to furnish any legal excuse for non-payment of rentals and taxes.

This court has held that:

"While the appointment of a receiver in litigation is to a large extent within the sound judicial discretion

of the chancellor to be exercised or not according to the circumstances and exigencies of each particular case, yet there are certain well established rules that should be observed in exercising such discretion:

'1st. That the power of appointment is a delicate one, to be exercised with great circumspection.

2nd. That it must appear the claimant has a title to or lien upon the property, and the court must be satisfied by affidavit that a receiver is necessary to preserve the property.

3rd. That there is no case in which the court appoints a receiver merely because the measure can do no harm.

4th. That fraud or imminent danger, if the immediate possession should not be taken by the court, must be clearly proved.

5th. That unless the necessity be of the most stringent character, the court will not appoint until the defendant is first heard in response to the application'.'' Lehman v. Trust Co., 57 Fla. 473, 49 So. R. 502.

Under all the circumstances of this case we will not disturb the exercise of discretion made by the court below in its appointment. Lehman v. Trust Co., *supra*.

There was equity in the amended bill and the general demurrer thereto was properly overruled. The special demurrer in part attacks the prayer of the amended bill relating to cancellation of an option contained in the lease. The amended bill does not contain any specific prayer for the cancellation of such option. The general and special demurrers were properly overruled.

We find no error committed by the court in denying petition for re-hearing.

The orders of the court below, appointing a receiver under the amended bill, directing the receiver first appointed to turn over the property to the receiver who succeeded him, allowing amended bill to be filed, over-ruling the several demurrers and denying rehearing are hereby affirmed with instructions to tax so much of the costs of this proceeding as have accumulated in the court below by reason of appointment of receiver under the original bill, against the complainant. Moyers v. Coiner, 22 Fla. 422.

It becomes unnecessary to pass upon motion to vacate order of supersedeas.

Affirmed, with directions.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the orders of the Circuit Court should be, and the same are hereby affirmed with instructions to tax against the complainant so much of the costs of this proceeding as have accumulated in the court below by reason of appointment of receiver under the original bill.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.