J. H. THERRELL, as Liquidator of Trust Company of Florida, a Florida corporation, as Trustee, *Appellant*, vs. THE STATE LIFE INSURANCE COMPANY, an Indiana Corporation, *Appellee*.

144 So. 668.

145 So. 220.

Division B.

Order entered November 28, 1932.

Opinion filed December 21, 1932.

*Shutts & Bowen* and *Charles A. Carroll*, for Appellant; *Stapp, Gourley, Vining & Ward*, for Appellee.

## ORDER GRANTING CONSTITUTIONAL WRIT.

It having been made to appear that an appeal has been duly taken in this cause by J. H. Therrell, as Liquidator of the Trust Company of Florida, from a certain order made by the Circuit Court of Dade County, whereby said Liquidator was ordered and directed to forthwith turn over and deliver to a Receiver of the Circuit Court the possession of certain property in said order described, which order is dated November 18, 1932, and was duly recorded in Chancery Order Book 281, on page 148, of the records in the office of the Clerk of the Circuit Court of Dade County, and it having been made to appear that the rights in litigation and involved in this appeal are of such peculiar and intrinsic value and nature as to make it imperative that this Court exercise its constitutional power and jurisdiction granted under Section 5 of Article V of the Constitution of Florida, to "issue * * * all writs necessary or proper to the complete exercise of its jurisdiction," and it appearing from the record that the appeal taken from the order appointing a Receiver for the property in question raises and involves the right and power of a court of equity in a suit to foreclose a mortgage on property held by the statutory Liquidator, as Trustee, so as to have the Court take over the operation of the property without any showing of illegal or other improper action by the Liquidator, as Trustee, and it further appearing that it is necessary to the complete exercise of the jurisdiction of this Court that the possession, management, custody and control of the said trust property should remain in the hands of the Liquidator during the pendency of this appeal, or until further order of the Court and that for the Receiver of the equity Court to take over the property during the pendency of the appeal would defeat the very right sought to be established and protected through appeal to this Court, all of which is made to appear by the sworn petition

of said J. H. Therrell, as Liquidator of the Trust Company of Florida, in this Court filed, together with a complete transcript of the record of the proceedings on appeal.

It is thereupon considered, ordered and decreed by the Supreme Court of Florida, in accordance with Section 5 of Article V. of the Constitution, that all proceedings authorized to be had or taken by the order appointing said Receiver of properties in the hands of the Liquidator as aforesaid, be enjoined and stayed until Monday, the 12th day of December, 1932, at which time the appellee, State Life Insurance Company and H. R. Howell, Receiver, each and severally, are hereby required to appear before this Court, at Tallahassee, Florida, at 10:00 A. M., to show cause why this order should not be made permanent until the said appeal is disposed of.

It is further ordered by this Court that in the event the above styled cause shall be fully briefed and ready for argument on the return day aforesaid, that the same may be set and heard in argument upon the merits of the appeal, at the option of the parties, to be communicated to the Clerk.

BUFORD, C.J. AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

PER CURIAM.—In a suit brought against the Liquidator of a Florida Trust Company, to foreclose a mortgage held by the appellee against certain property, legal title to which was in the trust company being liquidated, and which property covered by the mortgage had come into the management and control of the statutory liquidator, pursuant to his execution of a certain trust agreement, which it had become his duty as a statutory liquidator of the trust company to execute under the law, the Circuit Court having jurisdiction of the mortgage foreclosure proceeding, appointed a court receiver for the mortgaged property. The appeal here is from the order appointing such receiver.

The facts shown by the record are as follows:

Marion Mortgage Company, a Florida corporation, executed a first mortgage upon the Patricia Hotel property, including the furniture, furnishings and fixtures, pledging the rents, issues and profits of the mortgaged property as part of the security for the debt. Thereafter the mortgagor conveyed the mortgaged property to the Trust Company of Florida, as Trustee, expressly subject to the mortgage. After the conveyance the Trust Company of Florida failed, and appellant, J. H. Therrell, was appointed and qualified as a statutory liquidator of its affairs. In that right and capacity, he thereafter took charge and possession of the mortgaged property.

After the Liquidator qualified and took possession, he defaulted in certain payments due under the mortgage. A bill was then filed by The State Life Insurance Company, as holder of the mortgage, to foreclose the mortgage lien against the property covered by it, including such rents, issues and profits thereof as might have become subject to sequestration for, and application upon, the mortgage debt. Thereafter, upon application in due course of procedure by the complainant in the foreclosure case, the Circuit Court appointed a judicial receiver for the mortgaged property, and the rents, issues and profits thereof. It is from that order that the statutory liquidator has appealed.

And in addition to such appeal, said statutory liquidator has heretofore applied for, and obtained from this court, in aid of preserving, pending the appeal, the pre-existing status of his right to function as a statutory liquidator with regard to the assets of the defunct Trust Company of Florida, a constitutional writ from this Court, issued under authority of Section 5 of Article V of the State Constitution. The case is now before us for hearing on the motion to discharge the constitutional writ, and, by agree-

ment of the parties, has been argued and submitted upon the merits of the appeal itself, so far as it involves the right of the statutory liquidator to defeat the judicial receivership. .

The mortgage being foreclosed contained a pledge of the rents, issues and profits of the mortgaged premises as a part of the security for the mortgage debt. It likewise contained a provision for the appointment of a judicial receiver to collect the rents, issues and profits of the mortgaged property, in the event of a default in any of the payments provided for in the mortgage.

As between the mortgagee and original mortgagor, there can therefore be no doubt as to the equitable right of the complainant in the foreclosure case to have a receiver appointed in this case, pursuant to the express covenant of the mortgage therefor, when shown to be appropriate as a means for sequestrating, and applying on the mortgage debt, the rents, issues and profits of the mortgaged property which had been expressly pledged as part of the security for the debt being foreclosed. See Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 Sou. Rep. 241; McEwen v. Growers Loan & Guaranty Co., 104 Fla. 176, 139 Sou. Rep. 805.

So the question raised on this appeal, necessarily resolves itself into the proposition as to whether or not the statutory liquidator of the defunct Trust Company, holder of the legal title, was properly divested by the order appealed from, of his duties and powers over the mortgaged property, solely because the complainant in the foreclosure case sought to invoke, and did invoke, its otherwise admitted equitable right to have a receiver for the mortgaged property appointed by the Court, under the rule just adverted to in the preceding paragraph of this opinion.

At the outset of our discussion, we call attention to the fact that an advisable course of procedure that could be

followed in cases like this, where the exercise of judicial power to appoint a receiver for specific property already in effect in custodia legis, and being cared for by a statutory liquidator, holding and managing the property under his official responsibility, may operate to unduly burden or hamper the orderly administration by the liquidator of the affairs of a defunct trust company, would be to appoint the liquidator to act as a court receiver for the particular property, and thereby obviate, in cases of this character where no rights of the complainant will be prejudiced by so doing, the unseemly contests which are likely to ensue in these days of financial depression, by reason of conflicting claims of authority waged between public officers who function under authority of an official responsibility to the state, and those appointed by the courts, who act as judicial custodians of specific assets in liquidation. That course was not followed in this case, as it well might have been in the first instance, but since a receivership order is always within the control of the court making it, it follows that the court below retains jurisdiction to change an appointment already made, so that one and the same person will serve as statutory liquidator and court receiver of the same property *pendente lite.*

The proposition seems clear, however, that in a case like this involving a foreclosure of a particular mortgage, wherein relief by way of receivership was anticipated and provided for in the mortgage itself, before any rights of the defunct trust company had accrued with reference to the mortgaged *res,* the ordinary rights of the courts of equity to appoint judicial receivers for the mortgaged property in appropriate cases, are not superseded nor impaired by the fact that the mortgaged *res* with an incumbering trust, has passed into the hands of a statutory liquidator of a defunct trust company, alleged to be the holder of the legal title subject to the superior force and

effect of the mortgage. So the jurisdiction and power of the Circuit Court to act on complainant's receivership application in aid of its mortgage foreclosure, must be sustained, and the propriety of the appointment itself tested by the rules concerning receiverships, prevailing in this jurisdiction.*

In the present case, the Chancellor has the equitable jurisdiction and power to appoint a judicial receiver for the mortgaged property held and operated by the appellant as a statutory liquidator, because it was shown by the bill that, whatever rights the liquidator had acquired in such property as a liquidator of the defunct Trust Company of Florida, had been acquired by him expressly subject to complainant's mortgage.

But it does not follow that the jurisdiction and power to appoint chancery receivers authorizes the *exercise* of the power, except in cases where the granting of a receivership is reasonably necessary to preserve some equitable right of the complainant that might otherwise be lost if the receivership were denied. Apalachicola Northern R. Co. v. Sommers, 79 Fla. 816, 85 Sou. Rep. 361; Mirror Lake Co. v. Kirk Securities Corp., 98 Fla. 946, 124 Sou. Rep. 719.

This is especially true in a foreclosure suit, where the only necessity advanced for the appointment of a receiver is a pledge of rents, issues and profits, which pledge can be made effective by an order impounding the applicable

---

*The cited cases of Bank of Bay Biscayne v. Hudins, 42 Fed. (2nd) 209; Amos v. Trust Company of Florida, 54 Fed. (2nd) 286; State ex rel. Dade County Security Co. v. Barnes, 99 Fla. 1258, 128 Sou. Rep. 860; State ex rel. Landis v. Circuit Court for Eleventh Judicial Circuit, 102 Fla. 112, 135 Sou. Rep. 866; State ex rel. Knott v. Willmer, 102 Fla. 64, 135 Sou. Rep. 859, are not applicable to a case where the complainant has brought a suit in equity to enforce a specific lien on a specific asset in the hands of a state bank or trust company liquidator, and the relief of receivership, or injunction, is asked for, not as a means of attempting to interfere with all, or a substantial portion of, the general liquidation of the defunct bank or trust company, but only as special relief incident to the enforcement of a specific lien on property alleged to have been acquired and to be held by the liquidator, subject to the specific lien the Chancery Court has acquired jurisdiction to enforce.

rents, issues and profits in the statutory liquidator's hands without appointing a judicial receiver, and where there is no showing that by reason of fraud, corruption, mal-administration, or other illegal action of a statutory liquidator-trustee in whose possession the mortgaged property is, that the taking of the property out of the statutory liquidator's hands is necessary to effectuate complainant's rights to enforce his lien against it, or inherently advisable as a means of preserving the property intact *pendent lite*.

In view of the nature of the pending case in which this appeal is taken, and in consideration of the fact that the law on this subject has not heretofore been enunciated by any opinion of this Court, the ends of justice will be subserved by directing that the order appealed from appointing a receiver be set aside, without prejudice to the right of complainant to renew and insist upon a renewed application for appointment of a receiver, in the light of principles announced in this opinion, the costs of this appeal to be paid as part of the costs taxable in the foreclosure case, and to follow such costs.

The constitutional writ heretofore issued is discharged, and the order appealed from insofar as it appoints a receiver is hereby vacated, but without prejudice to the right of complainant to renew in the Court below its application for the appointment of a receiver, or for other relief of special character, that may be justified in the light of the principles enunciated in this opinion. Jurisdiction of this appeal as to other orders appealed from is retained for disposition in due course. The costs of this appeal should follow costs in the foreclosure suit in the Court below, and it is so ordered.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., concur in the opinion and judgment.

Filed under Rule 21A.