HORTON, Judge.
This interlocutory appeal brings up for review an order directing court appointed receivers to make a distribution of a portion of the surplus profits accumulated prior to and during their operation of a joint venture.
The appellants and the appellee are partners in a joint venture evidenced by a written agreement and supplements thereto. Under the terms of this agreement, the appellee was given a 42% interest in the total profits derived from the venture. As a result of a dispute between the parties, the appellee brought an action seeking declaratory decree, temporary injunction, accounting, appointment of a receiver and other relief. After hearing, the chancellor entered an order appointing the attorneys for the respective parties receivers to operate and manage the affairs of the venture. Further hearing culminated in the entry of an order (not appealed) which adjudicated the joint venture agreement to be valid and binding, and ordered the parties to comply with its terms with the exception that the appellee was relieved of his managerial duties. As to the latter, the court found that the appellee had performed his contractual obligations. An accounting was ordered and a special master appointed for that purpose. Subsequently the appellee filed a petition for distribution of surplus profits. After hearing, the court entered the order appealed directing the receivers to make a distribution of one-half of the accumulated surplus, with 42% of that one-half going to the appellee, and the balance to the appellants in accordance with the percentages designated in the agreement.
Basically the appellants contend the chancellor abused his discretion in ordering the distribution of surplus profits. We find this contention to be without merit.
Property in the hands of a receiver is, in a legal sense, in the possession of the court, Mirror Lake Co. v. Kirk Securities Corp., 98 Fla, 946, 124 So. 719; McKinnon-Young Co. v. Stockton, 55 Fla. 708, 46 So. 87, and the court making- the appointment may, at its discretion, during the pendency of the action make such further orders as are necessary and proper for the protection of the property and interests concerned. Hood v. Ocklawaha Valley R. Co., 78 Fla. 659, 84 So. 97. In the instant case, it appears from the record that there was on hand in the treasury of the venture $190,000 in surplus profits, with further accumulations expected at the rate of $20,000 a month, adequate provision having been made for existing and contingent liabilities. Since the court’s receivers were in control of the venture, it was within the chancellor’s dis *779 cretion whether or not a distribution was warranted, necessary and proper for the protection of the property and interests concerned. We concur with his finding that a distribution should be made. A review of the record indicates to us that it would have been inequitable and an abuse of discretion to have denied the ap-pellee’s petition for distribution.
It follows that the order appealed should be, and is hereby,
Affirmed.
PEARSON, TILLMAN, C. J., concurs in the decision.