ANDREWS, Judge.
This is an interlocutory appeal by Fugazy Travel Bureau, Inc., Otto Marx, Jr., William Fugazy and Louis Fugazy, hereinafter referred to as “Fugazy” from an order setting aside the court’s approval of a settlement agreement between appellants and the court-appointed receiver of Tower Credit Corporation. The order approved the proposal of appellees, Edward Krock and Victor Muscat, to purchase the receivership asset which was the subject of the settlement agreement
Fugazy is indebted to Tower Credit Corporation in the amount of $900,000 represented by a promissory note. Tower Credit Corporation is in receivership, Robert Stone being the receiver. Fugazy has pending a suit against Tower Credit Corporation in the United States District Court, Southern District of New York, and also a suit involving the same subject matter against the accounting firm of Ernst & Ernst. Fu-gazy offered the receiver a new note due in thirty months in the amount of $150,000 for said $900,000 note, agreed to terminate its suit in New York, and to assign to the receiver its claim against Ernst & Ernst. Marx agreed to endorse the new note and arrange to have said note purchased from the receiver at par within thirty days after closing. An agreement to this effect was reduced to writing and approved by the court on March 22, 1966.
On March 28th Krock and Muscat offered the receiver $200,000 for said note. Certain stockholders intervened objecting to the sale to Fugazy. The court held a hearing without notice to Fugazy and approved the proposed sale to Krock and Muscat, vacating the previous agreement on the ground that the offer of Krock and Muscat is of greater value and therefore is in the best interests of the shareholders and creditors of Tower Credit Corporation.
Appellants contend that the chancellor committed reversible error in two respects. Appellants’ first contention is that the chancellor does not have the authority to annul and set aside the court-approved contract between themselves and the receiver solely upon the grounds that a subsequent offer was more lucrative. Appellants’ second contention is that the order was void in that the court deprived appellants of valuable property rights without affording appellants notice and opportunity to be heard.
Decrees entered in chancery are subject to rehearing pursuant to Fla.R.C.P. 3.16, 31 F.S.A., and in addition at any time not later than ten days after the entry of the *844 decree the court of its own initiative may order a rehearing or enter a new or amended decree for any reason for which it might have granted a rehearing or entered a new or amended decree on the motion of a party.
The effect of this rule is to put the world on notice that at any time within ten days after the entry of a decree by a court of equity in Florida the court may, on petition for rehearing or on its own initiative, order a rehearing or enter a new or amended decree. Any person that acts in reliance upon such a decree within that time does so at his own peril. Until the expiration of the time for rehearing the court has the right and, upon a showing of proper .facts, the duty to cither grant a rehearing or enter a new or amended decree. Within the time for rehearing it cannot be said as appellant contends that there existed a contract duly authorized by the court.
The principle of law that contracts duly authorized by the court cannot be annulled or revoked by the court except on the same conditions as are applicable to the breach of agreements by private individuals do not come into play. It was not necessary therefore for the court to have facts establishing any of the elements which might give rise to a lawful cancellation or rescission of the contract. The principles of law here involved are not analogous to the setting aside of a judicially approved sale not subject to rehearing. The principles of law here involved are exclusively those pertaining to rehearing. State ex rel. Owens v. Pearson, Fla.1963, 156 So.2d 4; Cole v. Cole, Fla.App.1961, 130 So.2d 126; Cocalis v. Cocalis, Fla.App.1958, 103 So.2d 230; Ganzer v. Ganzer, Fla.1956, 84 So.2d 591; 75 C.J.S. Receivers § 243(b) (4).
Both the statutes and the rules fail to prescribe any procedure requirements for notice to interested parties or hearings on a motion of a receiver for instruction from the court. The circumstances here indicate the necessity for expansion of the rules to require these procedural safeguards. The necessity for them is demonstrated here by the fact that the court learned within a short period of time that the first action of its receiver which it approved without notice and hearing might not have been for the best interest of Tower’s creditors and its stockholders.
The right of a receiver to settle claims and compromise actions with the approval and sanction of the court is well recognized, and the first action of the receiver seems to be in that field. Bancroft v. Allen, 1939, 138 Fla. 841, 190 So. 885, 890. The second action of the receiver approved by the court in the second part of the order appealed was the sale of assets by the receiver.
 A sale by a receiver is ordinarily improper, but there are instances in which a sale by receiver is expedient and proper. Ordinarily, a proper sale may be made where the character of the property or the surrounding circumstances are such as to render a sale necessary for the adequate protection of the rights of the parties. A sale by a receiver should be carefully watched by the court and not approved where the sale is for less than the property should reasonably be expected to sell, and then only when there is a showing of necessity. 21 F.L.P., Receivers, § 39.
Accordingly, we affirm that part of the decree setting aside the compromise and settlement with Fugazy, and we reverse that part of the decree authorizing the sale of the promissory note to Krock and Muscat.
For the future guidance of the court in the absence of statutes and rules on the subject we make these additional comments. A receiver is not a party in the cause. The receiver is an officer of the court and is subject to the supervision and control of the court. Eppes v. Dade Developers, 1936, 126 Fla. 353, 170 So. 875. In exercising this power the court may and, under the circumstances disclosed by this *845 record, should require the receiver to serve upon all parties to the cause each and every application for instructions and require notice and a hearing in order that the court may he better advised prior to the entry of any order pertaining to the receiver. 75 C.J.S. Receivers § 148. In addition the court may require other safeguards in a proposed sale by the receiver such as public notice, sealed bids or public auction as may appear proper. Abramson v. Brant, Fla.App.1962, 141 So.2d 777; Hood v. Ocklawaha Valley R. Co., 1920, 78 Fla. 659, 84 So. 97. If the court approves the sale then any petition for rehearing should be served upon the prospective purchaser. Oakland Properties Corporation v. Hogan, 1928, 96 Fla. 40, 117 So. 846.
SMITH, C. J., and WALDEN, J., concur.