LECHE, J.
A plantation burdened with a special mortgage was made the subject of a dation en paiement by the husband to his wife, the husband reserving to himself 23 mules which were upon th.e plantation for its service and improvement. Four days later the husband executed a chattel mortgage upon the mules in favor of a third person. The mules remained on- the plantation, and continued to be worked for its service and improvement. Subsequently the mortgage creditor caused the plantation, together with the mules, to be sold in satisfaction of his debt, the mules, however, being appraised and sold separately. A contest then arose between the plaintiff, who held the special mortgage on the plantation and its appurtenances, and the third opponent, whose claim was secured by chattel mortgage on the mules. Under this state of facts, the question is certified to us by the Judges of the Court of Appeal, Second Circuit, whether the dation en paiement had the effect of releasing the mules from plaintiff’s mortgage, thereby enabling the husband to execute in favor of third opponent a chattel mortgage upon them, valid and effective as against said plaintiff’s mortgage.
It is conceded that the mules were bought by the husband and placed upon his plantation, before the execution of the dation en paiement, for its service and improvement, thereby becoming immovable by destination and subject to plaintiff’s special mortgage upon the plantation. It is also conceded that the mules remained upon the plantation after the execution of the dation en paiement, and continued to be worked for its service and improvement, just as they had been worked previous thereto, and that the execution of the dation en paiement and of the’ chattel mortgage did not cause any visible change in the physical situation or use of the mules.
It is contended on the part of the third opponent, holder of the chattel mortgage, that as soon as the dation en paiement was executed, the ownership of the plantation being vested in the wife and that of the mules remaining in the husband, the plantation was thereby separated from the mules, and the-latter resumed their natural condition as movables, were released from plaintiff’s mortgage (which could only affect immovable property), and became legally subject to be-validly mortgaged as chattels.
The principle is well settled that immobilization by destination is not effected solely by the will of the proprietor of the soil, but the movable must be actually placed by the proprietor upon the soil for its service and improvement. C. C. art. 468; Laurent, Droit Civil, vol. 5, No. 433; Baudry et Chauveau, Traite de Droit Civil, des Biens, No. 50. So that the question of immobilizing by destination, a thing which is movable by its' nature, seldom presents any difficulty, but, on the other hand, it is not so easy to define all the conditions under which the thing which has been immobilized by destination may be returned to its original status as-a movable. Our Civil Code does not provide any special mode or manner in which an object which has been immobilized by destination may again be mobilized and returned to its original condition as a movable, and in discussing this subject, recourse must be bad to our jurisprudence and to the commentators on the French Code, from which the provisions of our own were borrowed.
The decisions of this court and the unanimous opinion of the French Commentator* are to the effect that an immovable by destination, sold in good faitb and removed from tbe realty to which it was attached, again becomes movable. See Bank v. Knapp, 22 *63 La. Ann. 117; Weil v. Lapeyre, 38 La. Ann. 303. It would seem, then, that to mobilize a thing which has become immovable by destination, it is a necessary condition that the thing itself should in point of fact be removed from the realty. Laurent, in his treatise above quoted, vol. 30, No. 233, says:
“Vainly may the purchaser say that the sale alone mobilizes an immovable by destination; that is true between the parties, but it is not true so far as concerns the mortgage creditor, who has a real right in the thing, a right which belongs to him as long as the thing is attached to the soil. But the sale does not detach it from the soil, it [the sale] only mobilizes the thing between the parties, and the mortgage creditor is a stranger to this agreement. Even the good or bad faith of the parties is of no effect unless the thing has been placed in the possession of the vendee.”
From these premises, it follows also that an immovable by destination may not be mobilized and returned to its status as a movable, solely by the will or caprice of the owner, but that it must be separated • and detached from the realty.
It is true that in the case at bar, the sale was of the realty and not of the immovable by destination, but the effect is the same as if the sale had been of the immovable by destination and not of the realty, for the change of ownership of the one and not of the other merely changed one of the conditions necessary to immobilize by destination, that of ownership of both the realty and the thing in the same person. It did not alter the other condition, under which the thing remained upon and attached to the realty for its service and improvement.
Again, it must be observed in this case that the transaction which is relied upon as having the effect of mobilizing the immovable by destination is one between husband and wife. Demolombe, Baudry-Lacantinerie, and Laurent all agree that a movable placed by the husband upon an immovable belonging to the wife, even when the husband is not acting as agent of the wife, becomes immovable by destination, when placed thereon for the service and improvement of the immovable. Demolombe, vol. 9, p. 112, Nos. 206, 207; Baudry-Lacantinerie et Chauveau, Des Biens, No. 59; Laurent, vol. 5, No. 438. A fortiori, then, should a thing, immobilized by destination, preserve its status as an immovable when the husband who owns it permits it to remain on his wife’s immovable property for its service and improvement.
If, in the absence of direct statutory provisions, we view the question submitted to us from equitable considerations, it also appears to us that it would be against good conscience to permit a husband, in the face of his solemn engagement, in favor of a creditor who has accepted a mortgage upon a plantation belonging to the community wherein he bound himself not to sell, alienate, or incumber the same to the prejudice of that creditor, to defeat such mortgage by retaining the ownership of an accessory forming part of such plantation, when he transfers it to his wife. Had he transferred the accessory and retained the plantation, there is no doubt that such accessory would, under the decision in Grunewald v. Thompson, 104 La. 61, 28 South. 847, have passed to the wife subject to1 the mortgage, and we see no good reason why the converse of that proposition should not be equally true.
For these reasons we answer the question in the negative, and hold that under the facts in this case, plaintiff’s mortgage upon the mules was not released by the execution of the husband’s dation en paiement in favor of his wife.
PROVO STX, J., dissents and hands down reasons.
See 76 South. 236.