## WILLIAMS v. CORLESS, Sheriff, et al.

No. 3606.    Decided November 29, 1921.    (202 Pac. 834.)

1. MORTGAGES—JUDGMENT CREDITOR MAY REDEEM. A judgment creditor may redeem property sold on mortgage foreclosure.

2. MANDAMUS—LEGAL DUTIES SOUGHT TO BE ENFORCED HELD CLEAR OF DOUBT. In mandamus against sheriff to compel him to execute and deliver deed to plaintiff on application to redeem, legal duties sought to be enforced *held* free and clear from doubt, though plaintiff was seeking redemption under the first of two sales of the land; mortgagee having first purchased the land in parcels and then demanded a sale en masse over the protest of mortgagor.

3. MORTGAGES—JUDGMENT CREDITOR HELD ENTITLED TO REDEEM PERSONAL PROPERTY TREATED AS REAL PROPERTY. In mandamus to compel sheriff to execute deed on application for redemption of property, mortgagee who purchased the land at foreclosure sale cannot complain that plaintiff is seeking to redeem personal property consisting of machinery, etc., as well as real property, where such mortgagee in the foreclosure proceedings treated it as real property, and it was so treated in the judgment and decree of foreclosure, at least in the absence of some showing that it was not in fact real property and a part of the land.

Appeal from District Court, Third District, Salt Lake County; *Wm. H. Bramel*, Judge.

Application of D. J. Williams for writ of mandamus against John S. Corless, as sheriff of Salt Lake County, and others. Writ awarded and defendants appeal.

AFFIRMED.

*H. C. Allen* and *H. A. Rich,* both of Salt Lake City for appellants.

*Pierce, Critchlow & Marr,* of Salt Lake City, for respondent.

CORFMAN, C. J.

Plaintiff commenced mandamus proceedings in the District Court of Salt Lake county to compel the defendant John S. Corless, as sheriff of said county, to execute and deliver to him a deed for certain mining claims and properties sold by the sheriff under an order of sale issued out of said court in the case of *H. B. Cole et al., Appellants,* v. *Canton Mining Company, a corporation, et al., Respondents,* 59 Utah, 140, 202 Pac. 830, a companion case just decided on appeal to this court. In the case just mentioned, we affirmed the judgment of the district court in which it was held that the mining claims and properties which were the subject of the controversy between the parties had been lawfully sold in separate parcels under a foreclosure sale to H. B. Cole, a defendant in the present case, and stated our reasons therefor.

The plaintiff here occupies the position of a judgment creditor and as such is entitled to redeem the property so sold after full compliance with our statutes, as in such cases made and provided.          1

The district court has found that the plaintiff, as a redemptioner, has met every statutory requirement and by its judgment commanded the defendant John S. Corless, as sheriff of Salt Lake county, to forthwith execute and deliver to the plaintiff a deed in strict accordance with the copy which is attached to his affidavit therein and marked "Exhibit A."

From that order or command of the district court the defendants have appealed.

They contend that this is a case in which mandamus will not lie because the legal duty sought to be enforced is not free and clear from doubt. There is no merit in this contention. Under the facts stated in the plaintiff's petition for the writ of mandamus, the legal duty of the defendant sheriff to respond was clear. The only doubt raised as to the legal duty sought to be enforced was by reason of the matters contained in the defendants' answer to the plaintiff's petition. After the issues had been formed and a trial was being proceeded with before the court, the trial proceedings were suspended at the request of defendants, on the assumption that they might be able to move for and make a satisfactory showing in the foreclosure proceedings that the sheriff was entitled to make an amended return for the reason that the property both as matter of fact and law had been sold en masse and not in separate parcels. They attempted to do that, and the results of the hearing on their motion to amend the sheriff's return were to clearly confirm the allegations of the plaintiff's complaint herein, that the property had been sold in separate parcels and that plaintiff was legally entitled, as a redemptioner, to the deed sought for herein. This court having once reached the deliberate conclusion that the judgment of the district court was right in passing on defendants' motion in the case of *Cole* v. *Canton Mining Company*, and having stated our reasons therefor, we think that the doctrines of stare decisis fully applies in this case. It would therefore subserve no good purpose to again review the facts and lay down the principles of law announced in *Cole* v. *Canton Mining Company*, which are the same and equally applicable to the case at bar.

There is one question, however, raised by the defendants on this appeal, which was not expressly considered and passed upon by this court in the opinion to which the reader is above referred. They contend that the plaintiff is seeking to redeem personal property sold under foreclosure or execution sale as well as real property, and that the deed sub-

mitted to the sheriff for execution calls for a transfer of personal property not subject to redemption. Again, there is nothing in defendants' contention. The so-called "personal property" was treated in the mortgage as real property. The complaint of H. B. Cole, in the foreclosure proceedings, treated it as such, and it is again referred to, in the judgment and decree of foreclosure by the court, and in all subsequent sale proceedings, as real property in essentially the same, and in the following manner:

" * * * All of the machinery, tools, implements and appliances, and all materials of every kind now on or near said tunnel site that have been provided for the purpose of being used in work thereon, or on the mining claims hereby conveyed, including an air compressor, an electric dynamo, an electric motor, an electric transformer, electric wiring, drills, air pipes, water pipes, lumber, etc.

"Also the track, rails and mine cars that have been used or provided for use in said tunnel.

"Also the buildings now standing near the mouth of said tunnel, including what is known as the compressor house, the boarding house and the tunnel shed."

We think it necessarily follows that, in the absence of some showing to the contrary in the record before us, the plaintiff had the right to regard the property as realty, redeem it as such, and to demand a deed of conveyance therefor.

It is therefore ordered that the judgment of the district court be affirmed, with costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.