[Civ. No. 4512. First Appellate District, Division One.—July 23, 1923.]

## MARY MILLER et al., Respondents, v. BERTHOLD STRUVEN, Appellant.

[1] CHATTELS—ANNEXATION TO REAL ESTATE—CHARACTER FIXED BY PARTIES.—The parties themselves may, in their dealings with chattels annexed to or used in connection with real estate, fix upon them whatever character, as realty or as personalty, they desire and the courts will give to the property the character which the parties themselves have fixed upon it.

[2] ID.—CONVERSION—EVIDENCE.—In this action for conversion, the evidence was sufficient to justify the finding of the trial court that the property of which defendant was charged with the conversion, consisting of machinery, trade fixtures, and appliances used in connection with a soap factory, was personal property.

[3] ID.—TRANSFER — ABSENCE OF DELIVERY — VALIDITY. — A transfer of personal property, absolute in form but which is intended only as a mortgage, is good as between the parties thereto, even though there is no delivery of the property so sought to be transferred; and such transfer can only be assailed by prior creditors of the grantor upon the ground of fraud.

[4] ID.—TAKING OF MORTGAGE—FORECLOSURE—CONVERSION.—The taking by defendant of a chattel mortgage upon the property to which the mortgagor has no title, the foreclosure thereof and the seizure and sale of said property upon the foreclosure sale and the purchase thereof by defendant constituted such an assumption of control over and disposition of said property in defiance of the rights of plaintiffs, who had a superior right and title to such property, as to amount to a conversion thereof.

[5] ID.—STATUTE OF LIMITATIONS.—The action in conversion by plaintiffs, who had a superior right and title to such property, having been commenced within three years after the date of the chattel mortgage in defendant's favor, such action was not barred by the statute of limitations, nor by laches or estoppel.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Fixing of character of fixtures as realty or personalty, note, 1 Ann. Cas. 312.

Hugh K. McKevitt, Joseph De Martini and Royal E. Handlos for Appellant.

Aitken, Glensor, Clewe & Van Dine for Respondents.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiffs in an action for damages for the conversion of personal property. The amended complaint briefly alleges that the plaintiffs' predecessor, the Mercantile Trust Company of San Francisco, at all times mentioned therein prior to October 11, 1918, was the owner and entitled to the possession of certain specific personal property and that the defendant, on or prior to the last-named date, converted said property to his own use, to the plaintiffs' damage in the sum of four thousand dollars. The defendant, in his amended answer to said complaint, denies each and all of these averments, and for a further defense sets up the statute of limitations and also laches and estoppel in bar of the plaintiffs' action. The trial court found the facts to be as alleged in the plaintiffs' complaint, except as to the value of the property, and also found against the defendant upon his several pleas in bar. Judgment was thereupon rendered for the sum of fifteen hundred dollars, with interest from October 13, 1915, and for costs.

The facts out of which this litigation arose are somewhat complicated but are in the main undisputed and would seem to be as follows: Prior to the year 1912, and for some time thereafter, the J. F. Bradley Company, a corporation, was the owner of certain real estate and the improvements thereon, situate in the city and county of San Francisco, which was in use by said corporation as a soap factory. On February 3, 1912, said corporation executed its deed of trust by the terms of which it conveyed said real estate to certain trustees to secure the payment of a promissory note of said corporation to one Morris Windt. On the twelfth day of March, 1914, said Morris Windt assigned and transferred said promissory note to Hugh McCahill and at the same time, and in conjunction with said trustees, executed a document substituting Mary Miller as the trustee in said deed of trust for the prior trustees named in said trust deed. The J. F. Bradley Company having defaulted in the payment of said note the payee thereof directed the said sub-

stituted trustee to sell the property described in said trust deed in order to the payment and satisfaction of said note, which the said trustee proceeded to do, with the effect that on April 17, 1914, she sold and conveyed the property described in said trust deed to said Hugh McCahill for the sum of two thousand dollars. Thereafter, and on April 21, 1914, said Hugh McCahill conveyed the property by the same description to J. J. Thompson. On August 18, 1914, said J. J. Thompson and Sahra Thompson, his wife, made and executed their promissory note to Berthold Struven for the sum of six thousand dollars and on said date also made and executed their deed of trust conveying said real estate to certain trustees to secure said note. On August 24, 1914, said J. J. Thompson and wife conveyed said described property to the Chicago Soap Company, a corporation. On October 13, 1915, one Geo. L. Miller and the Chicago Soap Company joined in a personal property mortgage to Berthold Struven of the property described in the complaint in this action, describing the same as being personal property contained in the premises of the Chicago Soap Company theretofore described in the conveyance from J. J. Thompson and wife to the Chicago Soap Company above referred to. In this chattel mortgage Geo. L. Miller is designated as the president of the Chicago Soap Company. On February 16, 1916, said Berthold Struven commenced an action for the foreclosure of said chattel mortgage against the Chicago Soap Company and Geo. L. Miller, in which the said property set forth therein was described and designated as personal property and a sale thereof as such was prayed for. The parties defendant in said action defaulted, and thereafter, and on April 27, 1916, a judgment of foreclosure and of the sale of said property as personal property was duly given and made and the said property was thereafter sold thereunder to said Berthold Struven.

In the meantime another series of transactions affecting the title of the plaintiffs in the property for the conversion of which the present action was instituted, were being carried on. On August 22, 1912, the J. F. Bradley Company made a conveyance, absolute in form, transferring the real estate heretofore referred to, and also transferring the personal property described in the complaint in the present action, describing the same as "machinery, trade fixtures

and appliances located upon said real estate," to the Mercantile Trust Company of San Francisco. The latter corporation executed of even date with the above conveyance a declaration of trust, declaring that it held the property described in said conveyance in trust to secure any indebtedness that then was or might thereafter become due from the J. F. Bradley Company to the Mercantile National Bank of San Francisco. On August 3, 1913, the Mercantile National Bank of San Francisco assigned and transferred a lengthy list of promissory notes of the J. F. Bradley Company, aggregating several thousand dollars, to Hugh McCahill, who had been the surety of the said J. F. Bradley Company upon said notes and had been called upon to pay the same and who upon such payment had by such assignment been subrogated to the rights of the Mercantile National Bank, the original payee thereof. Thereafter, and on October 11, 1918, the Mercantile Trust Company assigned, transferred, and set over to Mary Miller all of its right, title, and interest as trustee or otherwise in and to the personal property described in the conveyance by the J. F. Bradley Company to it and above referred to, together with all rights of action which had accrued to it or to Hugh McCahill for damage to, or for the conversion of said personal property. Thereafter the present action was commenced by said Mary Miller and Hugh McCahill against Berthold Struven for damages for the conversion of said personal property, said conversion being alleged to have occurred "within three years last past and prior to October 11, 1918." The right of the plaintiff McCahill to maintain this action springs from the fact of his subrogation to the rights of the Mercantile National Bank and of its trustee, the Mercantile Trust Company, upon his payment of the notes of the J. F. Bradley Company. As to the plaintiff Mary Miller, her right to be joined as plaintiff springs from the assignment to her of the property held in trust by the Mercantile Trust Company.

The appellant makes several points in urging a reversal of the judgment in favor of the plaintiffs herein, but his chief contention is that the property for the conversion of which this action was instituted was not and is not personal property, but that at all of the times covered by the transactions of the parties it consisted of property affixed to the real estate described in said transactions and hence was real

estate to which the plaintiffs herein were shown to have no
title. Whether or not property of the kind and character of
that enumerated in the complaint herein and consisting in
machinery, implements, and appliances, some movable and
some more or less permanently affixed to the buildings and
real estate wherein and whereon the soap factory was con-
ducted, is to be classed as real or as personal property, de-
pends in a large measure upon the acts and intent of the
parties who, from time to time, deal with the same. The
title which the plaintiff asserts to the property in question
relates back to a transaction in 1914, when the J. F. Bradley
Company, then admittedly the owner, both of the said prop-
erty and of the real estate upon which it was situated and
used in the conduct of the business of soap-making, saw fit
to distinguish between these two kinds of property and to
designate the former as personal property in its transfer of
the title to both forms of property to the Mercantile Trust
Company of San Francisco. It had a right so to do as
between itself and its then grantor and as against all the
world unless it had lost that right as a result of its trans-
actions affecting the real estate upon which such property
was located and was being used in the conduct of its soap-
making business. The several conveyances and deeds of
trust from or through which the defendant's title to the real
estate formerly owned by the J. F. Bradley Company was
derived nowhere expressly referred to or described the chat-
tels affected by the present action as part of said real estate.
The defendant's immediate predecessor in interest, the Chi-
cago Soap Company, while apparently claiming to own said
property, did not treat the same as real estate in its dealings
with the defendant herein since it first gave him as security
for its indebtedness to him a deed of trust covering the said
real estate and a short while after gave him a chattel mort-
gage upon the property affected by this action, describing
the same as personal property. The defendant himself not
only took and held said chattel mortgage upon the property
in question as personal property, but he proceeded to fore-
close said mortgage, repeatedly designating the property
described therein as personal property, and proceeded to
buy in the same as personal property at the foreclosure sale.
[1] It is a quite well-settled rule of law that the parties
themselves may, in their dealings with chattels annexed to

or used in connection with real estate, fix upon them whatever character, as realty or as personalty, they desire and that the courts will give to the property the character which the parties themselves have fixed upon it. (*Fratt* v. *Whittier*, 58 Cal. 126, 132 [41 Am. Rep. 251].) [2] We think the foregoing evidence sufficient to justify the finding of the trial court to the effect that the property of which the defendant was charged with the conversion was personal property.

[3] The appellant's next contention is that the transfer of said property by the J. F. Bradley Company to the Mercantile Trust Company was void for the reason that there is no present delivery to it of the property so sought to be transferred. The conveyance to the Mercantile Trust Company, while absolute in form, was, in fact, a mortgage or deed of trust of the property described therein. In so far as it related to said personal property it was good as between the parties thereto and could only be assailed by prior creditors of the grantor upon the ground of fraud. The defendant herein has not brought himself within the category of those who would be entitled to assail said transfer upon that ground.

[4] The next contention of the appellant is that there is no evidence sufficient to show that the property in question was converted by the defendant at any time prior to the commencement of this action. This contention assumes that the property was at all times prior to the commencement of this action personal property and leaves as the only question whether the taking of a chattel mortgage upon said property by the defendant and his foreclosure thereof and seizure and sale of said property upon the foreclosure sale and the purchase thereof by himself constituted such an assumption of control over and disposition of said property as to amount to a conversion thereof. We are satisfied that these acts on the part of the defendant would amount to such an exercise of dominion over the property in defiance of the rights of the plaintiffs therein as would suffice to justify the finding of a conversion thereof by the trial court. (*Horton* v. *Jack*, 126 Cal. 526 [58 Pac. 1051].)

[5] The appellant's next and final contention is that, conceding there was a conversion, it occurred at such time prior to the commencement of this action as to constitute a

bar to such action under the defendant's plea of the statute of limitations. This contention also assumes that the property in question was personal property within the contemplation of the parties at all times prior to the institution of this action. Being personal property the defendant or his predecessors herein acquired no title to nor interest in it by any transaction or conveyances prior to the making of the chattel mortgage thereon by the Chicago Soap Company to the defendant herein. The date of said mortgage was October 13, 1915, which was not only the earliest date at which the claim of interest of the defendant in said property as personal property arose, but which was also the date fixed by the trial court in its findings as the date of the defendant's conversion of the said property. This action was commenced on October 11, 1918, which date was just within the three-year period fixed by the statute for the commencement of actions for conversion. (Code Civ. Proc., sec. 338, subd. 3.) There is no merit, therefore, in this contention. Nor do we think, without discussing the subject at length, that there is any merit in the defendant's defense of laches and estoppel.

The judgment is affirmed.

St. Sure, J., and Tyler, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 20, 1923.