EDNA LEVIN *vs.* RELIANCE CO-OPERATIVE BANK.

Middlesex.    April 8, 1938. — July 8, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Actionable Tort. Mortgage,* Of real estate: foreclosure.

A declaration in an action of tort by a creditor, who had attached interest of his debtor in real estate subject to a mortgage, against the mortgagee for a breach of good faith in foreclosing the mortgage by sale without fulfilling a promise to notify the plaintiff of the sale upon his asserting an intention to bid thereat, set forth no cause of action if it did not include allegations of fact showing damage sustained by the plaintiff by reason of the alleged acts of the defendant.

TORT. Writ in the Superior Court dated August 24, 1934.

A demurrer to the declaration was sustained by *Dowd,* J. The plaintiff appealed.

*H. Wise,* for the plaintiff.

*E. W. Hadley,* (*D. T. Gallup* with him,) for the defendant.

DOLAN, J. This is an action of tort which comes before us upon the plaintiff's appeal from an order of the judge of the Superior Court sustaining the defendant's demurrer to the plaintiff's declaration. See *Norman* v. *Barnes,* 298 Mass. 434, 438; *McCarthy* v. *Hawes,* 299 Mass. 340, 341; *Jacobs* v. *Mann,* 300 Mass. 258. The demurrer stated two

grounds, the first, that the plaintiff's "declaration, and the matters contained therein and in the plaintiff's writ in said case, in the manner and form as the same are stated and set forth, are not sufficient in law for the plaintiff to have his action in tort, as therein alleged against the defendant"; the second, that the "declaration does not allege the breach of any legal duty existing from the defendant to the plaintiff for which the defendant is answerable in an action at law in tort." All grounds stated in the demurrer are open on the appeal. See *Ratté* v. *Forand,* 299 Mass. 185, 187; *Arena* v. *Erler,* 300 Mass. 144, 145.

The allegations contained in the declaration may be summarized as follows: The defendant coöperative bank on or about February 11, 1931, held a mortgage note from Lena A. Whaley and J. Arthur Whaley, secured by a mortgage of real estate in which the latter had an estate in remainder subject to the life estate of the former. The remainderman was "and still is" indebted to the plaintiff on a promissory note. On or about the date before mentioned, the plaintiff "commenced suit" against the debtor Whaley and attached real estate owned by him including his interest in the real estate mortgaged to the defendant. The attachment was duly recorded and the plaintiff notified the defendant of the pendency of her "suit" and of the attachment, and requested written notice of any and all matters that might affect her interest as an attaching creditor "and especially of default on and foreclosure of said mortgage." The plaintiff also notified the defendant at that time and on other occasions of her intention to bid at any foreclosure sale under the defendant's mortgage. The defendant promised the plaintiff that specific written notice would be given to her of all matters "endangering" her interest. She relied upon the promise. On or about March 30, 1934, the defendant published notice of its intention to exercise its power of sale under the mortgage, and held a foreclosure sale of the premises on April 23, 1934. The plaintiff had no actual notice of the sale until some time subsequent thereto. Other allegations of the declaration are that the plaintiff's lack of knowledge "of the holding of

such foreclosure sale" was due to the intentional and deliberate omission and failure on the part of the defendant to give her the promised notice of the time and place of the sale; that this failure of the defendant was for the purpose of depriving the plaintiff of an opportunity to bid at the sale and otherwise protect her interests; that this conduct of the defendant was in violation of its obligation to exercise its power of sale in good faith, and in a manner protective of the plaintiff's junior lien; and "that by such wrongful lack of good faith on the part of your defendant it deprived and destroyed for your plaintiff an opportunity to bid on a property having a valuable equity above the mortgage . . . and otherwise possessing value for your plaintiff, and thus caused serious injury to your plaintiff — for all of which she claims damages."

While it is a settled principle of law that "a mortgagee in executing a power of sale contained in a mortgage is bound to exercise good faith and put forth reasonable diligence . . . [and that] This duty and obligation . . . extends for the benefit . . . not only of the mortgagor but of those claiming in his right, including those holding junior encumbrances or liens," *Sandler* v. *Silk,* 292 Mass. 493, 496; and that an action of tort will lie where the foreclosure was based upon an actual default but was conducted negligently or in bad faith to the detriment of the mortgagor or others in the class just mentioned (see *Cambridge Savings Bank* v. *Cronin,* 289 Mass. 379, 381, and *Sandler* v. *Silk,* just cited, at page 497), nevertheless damage is essential to sustain such an action. There is no allegation in the plaintiff's declaration as to the fair value of the property involved, nor that the price at which it was sold at the foreclosure sale did not represent its real value, nor that, if the plaintiff had been present at the auction sale, she would have bid more for the property than the sale price. The words "for all of which she claims damages" contained in the declaration constitute not an averment of damage, but merely a claim therefor based on allegations which of themselves do not sufficiently show any damage to the plaintiff. The demurrer was rightly

sustained. See *Wells* v. *Poland,* 292 Mass. 465; G. L. (Ter. Ed.) c. 231, §§ 7; 147, "Declarations in Actions of Tort."

*Order sustaining demurrer affirmed.*