R. LEE HILL,

*Plaintiff and Respondent,*

vs.

RAYMOND R. SALMON, MARGARET N. SALMON, OTTO WALDRON and ZELPHIA L. WALDRON,

*Defendants and Appellants.*

(No. 2513; October 23rd, 1951; 236 Pac. (2d) 518)

For the defendants and appellants the cause was submitted upon the brief of Ivan S. Jones of Kemmerer, Wyoming.

For the plaintiff and respondent the cause was sub-

mitted upon the brief of W. J. Wehrli of Casper, Wyoming.

6

## OPINION

BLUME, Justice.

This action was commenced in Justice Court as an action of forcible entry and detainer to gain possession of the property hereinafter described. Judgment was entered for the plaintiff, R. Lee Hill. The defendants, Raymond R. Salmon and others, appealed the case to the District Court. That court ,too, entered a judgment in favor of the plaintiff and the defendants thereupon appealed the case to this court. The facts are as follows:

Plaintiff R. Lee Hill and his wife executed a warranty

deed dated January 23, 1948, to Raymond R. Salmon and Otto Waldron for *"the following described real estate* situate in Teton County and State of Wyoming, to-wit: The Lot one and the west half of lot two in block one of the first (original) Cache Creek Addition to the Town of Jackson, in Teton County, Wyoming, being the Log Cabin Club property in said town, together with an including all improvements situated thereon and all water rights and appurtenances belonging thereto, and all equipment and fixtures and stock of liquors, beverages, tobaccos etc. therein or *belonging thereto."* (Italics supplied.) The warranty deed was filed for record in Teton County, Wyoming, on March 6, 1948. By mortgage dated February 9, 1948 and also filed for record on March 6, 1948, Raymond R. Salmon and wife and Otto Waldron and wife mortgaged to R. Lee Hill *"the following described real estate,* situated in the County of Teton, in the State of Wyoming, to-wit:" (Italics supplied). Here the property conveyed is described in the exact language contained in the warranty deed above mentioned. The mortgage was given to secure the payment of $90,000. The mortgagors agreed to pay all taxes and assessments on the property and an agreement was contained in the mortgage that in case of default in any of the covenants and agreements contained in the mortgage, the mortgagee would have the power to foreclose and sell the property, and out of the proceeds of the sale pay the sum due under the mortgage, together with $1000 as attorney's fees. It may be noted at this place that both the warranty deed as well as the mortgage purport to convey nothing except real property and the appurtenances thereto.

The indebtedness due under the mortgage was to be paid in installments. The installment due on August 4, 1949 in the sum of $12,500 and the installment due

February 4, 1950 also in the sum of $12,500 were not paid. Nor were the taxes paid on the premises by the mortgagors. Thereupon, the mortgagee above mentioned exercised the power of sale contained in the mortgage and gave notice of the sale to be held on March 18, 1950 at the front door of the Court House of Teton County, Wyoming. The names of the parties, the date of the mortgage and the time when it was recorded were stated. The amount due at the date of the notice (Section 59-204, Wyo. Comp. St. 1945) was stated to be $60,838.32. The notice is dated February 16, 1950 and was published in the Jackson's Hole Courier, a weekly newspaper published in Teton County, Wyoming, for four consecutive weeks, the first publication having been made on February 23, 1950 and the last on March 16, 1950. The notice contained a description of the property mortgaged identical with that contained in the mortgage, and stated among other things: "That by virtue of the power vested in the undersigned (the mortgagee) by the terms of said mortgage he will offer for sale at public vendue and sell to the highest bidder for cash said above described mortgaged premises, or so much thereof as may be necessary to pay the mortgage debt, interest, attorney's fees and costs and expenses of sale." The sale was at public vendue and was conducted by the sheriff of Teton County, Wyoming at the time mentioned at the front door of the county courthouse. The lands and premises described in the mortgage were offered in distinct tracts of legal subdivisions separately, but no bids were received. Thereupon the property was offered as a whole and the plaintiff R. Lee Hill bid the sum of $62,473.42 which was the amount then due under the mortgage and the indebtedness secured thereby. The property was sold to the plaintiff herein and a certificate of sale was issued to him by the sheriff of Teton County, Wyoming, on March 18, 1950. The period of redemption for the

property expired on September 18, 1950. On September 19, 1950 plaintiff caused a notice to be served upon the defendants herein demanding possession of the property hereinbefore described. The defendants failed to give such possession and thereupon on September 28, 1950 plaintiff brought the action of forcible entry and detainer in Justice's Court.

The petition in the case alleges in substance the following: Plaintiff has the right of possession and claims the possession of the following described lands and premises (here the property was described in the language contained in the warranty deed and mortgage hereinbefore mentioned) ; defendants executed a mortgage to the plaintiff as of date, February 9, 1948, which mortgage was duly recorded in the office of the county clerk of Teton County, Wyoming; plaintiff did not dispose of or assign the mortgage; the mortgage contained a power of sale whereby the premises might be sold by advertisement in case of the failure on the part of the defendants to make the payments described therein; the defendants failed to make the payments and plaintiff caused Notice of Foreclosure of Mortgage to be published in the Jackson's Hole Courier, a newspaper published in Teton County, Wyoming, in which notice was given that the premises, or so much thereof as necessary, would be sold at sheriff's sale on March 18, 1950 in order to pay the amount due under said mortgage together with interest, taxes, and attorney's fees, and costs and expenses of sale; the property was duly and legally sold by the sheriff of Teton County, Wyoming to the plaintiff; the property has not been redeemed and the time for doing so has expired; plaintiff demanded possession of the property from the defendants but that defendants refused to deliver possession thereof to the plaintiff, and ever since the 19th day of September, 1950 defendants have unlawfully and by

force withheld the possession of the property from the plaintiff and have continued to do so. A Certificate of Sale was duly executed by the sheriff to the plaintiff and plaintiff has never sold his right but is still the owner and holder thereof. On September 19, 1950 and more than three days before the commencement of this action, plaintiff served a written Notice to Quit upon the defendants whereby the defendants were notified to leave the premises and property and deliver possession thereof to the plaintiff. Plaintiff accordingly demanded possession of the premises and asked that a Writ of Restitution be issued.

An answer was filed by the defendants denying the right of the plaintiff to have possession of the premises claiming that the sale above mentioned was illegally made and was not sufficient to entitle the plaintiff to the possession of the premises.

After trial was had, judgment was rendered for the plaintiff as already mentioned. On appeal to the District Court, judgment against, again was entered for the plaintiff, as already above mentioned.

## 1. SUFFICIENCY OF PETITION.

The action for forcible entry and detainer in the case at bar was brought in accordance with the provisions of Section 14-1502, Wyo. Comp. St. 1945, which in subdivision (3) thereof provides that the action may be brought "When real estate has been sold under a power of sale contained in any mortgage or trust deed, and the purchaser at such sale or his assignee has duly demanded possession thereof." Counsel for appellant contend that the complaint in this case was insufficient because it does not state facts sufficient to constitute a cause of action. They say that the allegation in the complaint to the effect that the mortgage "contained a power of sale whereby the said premises might be sold

by advertisement," and the allegation "that the said lands and premises were duly and legally sold by the sheriff of Teton County, Wyoming, at such sale," and the allegation that "Notice to Quit was served on the defendant," are conclusions of law and do not state the facts. And it is further contended that it should have been alleged that no suit or proceeding had been instituted to recover the debt, or if such suit or proceeding had been instituted that the same had been discontinued or that execution upon a judgment rendered had been returned unsatisfied. Counsel have evidently overlooked the decision of this court in the case of Ferguson vs. Haygood, 67 Wyo. 422, 225 P. 2d 336, decided in December, 1950. In that case a mortgage had been foreclosed under a power of sale just as in the case at bar, and it was contended that the allegations in the petition for forcible entry and detainer in the case were not sufficient to constitute a cause of action. We said in that case: "It is held that it is sufficient to follow the language of the statute on which the complaint of an action of this sort is based. 36 C. J. S., Forcible Entry and Detainer, § 43, p. 1180, 26 C. J. 851. The petition in this case discloses in the language of the statute that the real estate involved in this case has been sold under a power of sale contained in a mortgage and further, that possession of the premises has been duly demanded. So the allegations in the petition seem to be sufficient insofar as the provisions of Section 14-1502, Wyo. Comp. St. 1945 are concerned. Section 14-1501, Wyo. Comp. St. 1945 as above stated, provides that an action of detainer may be brought after a lawful entry on the premises but when they are held unlawfully. The petition in this case alleges clearly that the defendant unlawfully withholds the possession of the premises in question from the plaintiffs. There is some language contained in White vs. Veitsch, 27 Wyo. 401, 197 P. 983, which might be construed as meaning that

it was necessary in this case to allege that the lands were entered upon lawfully. It would seem, however, that the manner of entry upon the land would be wholly immaterial in a case such as that before us, and it seems to have been so held. Lecatt v. Stewart, 2 Stew., Ala. 474 and see the discussion on that point in Church v. Blakesley, supra. We think accordingly that the objection that the petition fails to state a cause of action must be overruled." As was true in that case, so in this case, we must hold that the petition in this case alleges facts sufficient to constitute a cause of action and to give the court jurisdiction of the cause. All the requisite facts appear to be contained in the petition in the case at bar. See also Gage vs. Sanborn, 106 Mich. 269, 64 N.W. 32.

## 2. VALIDITY OF SALE.

It is the contention of appelants that the sale of the property was void. It is argued that the mortgage contained both real and personal property; that personal property cannot be sold under a power of sale unless the person exercising the power has possession thereof, and unless it is sold in view of the property according to the provisions of Section 59-121, Wyo. Comp. St. 1945; that the mortgage on the personal property was not recorded as a chattel mortgage (despite the provisions of Section 59-106, Wyo. Comp. St. 1945 which permits recording instead of filing without specifying any special book. See 10 Am. Juris. 775, Section 92) ; that the sale of the personal property was never advertised since only the mortgaged "premises" were advertised and that "premises" refers only to real estate; that the property was sold for a lump sum; that the amount for which the real property and the personal property, respectively, was sold, was not separated; that no right of redemption of personal property exists and appellant cannot tell the amount required for redemption of the

real property, and so his statutory right to redeem real property is impaired. The conclusion is drawn that the sale of the real, as well as the personal property, was void. To make the contention of counsel for appellants clearer, we quote from part of their brief: "the advertisement was entirely misleading and tending to discourage bidders, in that, while the personal property was described, there was no statement that it would be sold, although it was, in fact offered for sale by the sheriff, and purportedly sold to the mortgagee. Even if it had been intended to sell the personal property at such sale, the published notice was defective in not stating the amount due against such personal property at the date of the first publication of the notice. The personal property was sold by the sheriff without having been advertised for sale, with no statement in any advertising of the amount due against it at the time of first publication, and without such personal property being in possession of the mortgage or on view at the sale. * * * In this case, the mortgagee made no effort to buy the realty at a specific sum of money, which the mortgagors could tender on offer to redeem. He deliberately put it out of his own power to set a sum at which the realty could be redeemed. These acts constituted material impairments of the right of redemption. It follows that the sale of the personal property was void, and, there being no way of separating the amount bid for the personal property from the amount bid for the real property, the attempted sale of the realty was also void."

The contention seems to be that the so-called personal property was not legally sold, but that since the sale purportedly included the personal property, the notice should have stated the amount due on the personal property separately from that due on the real property. Obviously that could not have been done, due

to the acts of the mortgagors. The mortgage secured one individual debt. If the amount due on the personal property was to be separated from that due on the real property, that should have been done by the mortgagors at the time that the mortgage was given, which they did not do. Assuming, as appellants do, that the so-called personal property was not legally sold, then the only effect would seem to be that the mortgagee who bid at the sale acquired no title to the so-called personal property, and that the bid that he made was for the real property only. Counsel for appelants further argue in effect that the mortgagee should have offered a separate sum for the real property and a separate sum for the personal property. The facts are such, or rather the absence of facts in the record is such, that we cannot say whether or not there is any merit in that contention. The record is silent as to whether or not there was any so-called personal property on hand at the time of the sale, and if there was none, or only a trifling amount, then a separate bid would have been useless and the sale of the personal property would then seem to have no bearing in this case. The property was in the possession of the appellants and not in the possession of the mortgagees and the burden of proving whether or not any so-called personal property existed and the amount thereof should have been shown by the appellants in this case who had full knowledge of the facts. But they did not see fit to enlighten us on the subject. The mortgage on the real property secured the whole of the debt, without reference to any personal property. " 'The mortgage being indivisible in its nature, clings to every portion of the thing; * * * each and every part of the thing mortgaged is liable for each and every portion of the debt.' " Morris vs. Womble, 30 La. Ann. 1312. Insofar as the record shows, only real property was on hand at the time of the sale or when the time of redemption expired, and hence no reason exists

why the appellants should not redeem from the sale as it was made. In other words, no facts are before us which would justify us in interfering with the judgment of the trial court, even if the contentions of appellants were otherwise well taken—a point which we need not decide.

We shall, however, proceed to discuss the question raised in the briefs before us as to whether or not in this case the so-called personal property is not, under the facts herein, to be considered as real property for the purpose of foreclosure of the mortgage. If so, then all questions as to the so-called personal property are out of the case.

A mortgage which contains both real estate as well as chattels is not void but may be enforced in a proper proceeding. 59 C. J. S. 111 and cases cited. There is no particular reason for saying that a chattel must necessarily be conveyed by a "bill of sale" or by a "chattel mortgage." As between themselves, it would seem that any kind of conveyance would suffice for that purpose, whether called a warranty deed or real estate mortgage, or something else. That is not disputed. The arguments of counsel for appellants are apparently based on the assumption that the mortgage, insofar as is pertained to tobaccos and liquors, could be foreclosed only by the method provided by statute for the foreclosure of chattel mortgages and the chattels were required to be sold in the presence thereof. The assumption is incorrect under the facts in this case. We discussed that subject at considerable length in Finance Corp. vs. Smith, 42 Wyo. 380, 295 P. 273, 73 A. L. R. 851. In that case we showed that the various statutory provisions relating to foreclosure of chattel mortgages may be waived. In that particular case we held that the mortgagor may agree that the property should be sold at private sale. Counsel in this connection have entirely

ignored the fact that, as hereinabove stated, the parties treated the tobaccos and liquors as real property. The warranty deed and the mortgage in the record purport to convey only real property. It, under the conveyances, constitutes the Log Cabin Club. Improvements, water rights, equipment, fixtures, liquors, beverages, tobaccos are stated to "belong" to the real estate. Liquors, beverages and tobacco are placed in the same category as fixtures, etc. In short, liquors, tobaccos and beverages are treated as real estate. That would seem to be equivalent to an implied contract that the property should be thus treated and considered. The right to foreclose a mortgage is incident to, and a part of the mortgage, so that it would seem clear that if the personal property contained in the mortgage is considered as real estate, it should be so considered in connection with the incidents to the mortgage—that is to say, in connection with the foreclosure thereof. If the various statutory provisions in connection with the foreclosure of chattel mortgages may be waived, it is not too far a step to hold that the parties may also, as between themselves, contract to consider and treat chattels as part of realty so that foreclosure of a mortgage may be made accordingly. We do not find any cases holding the contrary. We find it stated in 36 C. J. S. 917 as follows: "As a general rule, parties, as between themselves, may, in their dealings with chattels annexed to, or used in connection with, real estate, fix on them whatever character, as realty or personalty, on which they may agree, such right being, in some jurisdictions, recognized by statute, and the law will enforce such understanding whenever the rights of third parties will not be prejudiced." In Miller vs. Struven, 63 Cal. App. 128, 218 P. 287 the court stated: "It is a quite well settled rule of law that the parties themselves may, in their dealings with chattels annexed to or used in connection with real estate, fix upon them whatever character, as realty

or as personalty, they desire and that the courts will give to the property the character which the parties themselves have fixed upon it." In Bronson on the Law of Fixtures, page 133 the author states: "In accordance with the general principle of law that parties may determine, between themselves, the legal effect of any transaction by an express agreement, it is well settled in the law of fixtures that parties may fix by agreement, duly expressed, the character of a chattel in accordance with their desires, so that that which the law might ordinarily regard as realty may be treated, as between themselves, as personalty, and *vice versa*, and the courts will execute these agreements if duly made." The agreement ma ybe express or implied. Bronson, supra, page 140; Ewell on Fixtures (2d Ed.) page 111. The rule, as the author shows, has its limitations, none of which apply in the case at bar. The cases generally, it is true, deal with situations in which it is agreed that certain property shall remain personal property instead of being attached to and a part of real property. And it cannot be pretended, of course, that liquors and tobaccos are fixtures in the ordinary sense, since fixtures in most state sin any event are ordinarily chattels physically annexed to real property. But the question before us is more restricted. We have not found many cases in which the courts have considered the question whether or not property, which by its nature is personal property, may be treated as real estate. No beaten trail can as yet be found. But we are not entirely without authority on that point.

The case of Bon Air Planting Co. vs. Barringer, 142 La. 60, 76 So. 234 goes further than is necessary to go in this case. The court held that mules on a sugar plantation, used for the purpose of work thereon, were fixtures and part of the sugar plantation, unless removed therefrom. To that effect also is Morton Trust

Co. vs. American Salt Co., 149 Fed. 540. As we understand it, the premises in question in the case at bar were used as a so-calle d"club," mainly for the purpose of serving liquor to the persons resorting thereto. The liquors and tobaccos kept therein were as much an accessory of the "club," as the mules were accessory to the sugar plantation. The Lousiana cases, it is true, were decided under the civil law. However, many rules and principles of that law have been incorporated in our own law, as may be seen, for instance, in Story on Equity in which the author constantly refers to that law. We need not accept these cases for anything more than showing—and we think they show—that there is nothing fundamentally wrong, or against public policy for parties as between themselves, to consider property, in its nature personal property, as part of real estate for a limited purpose. The truth of that may also be gleaned from statutes such as that in Connecticut, providing that when personal property is mortgaged along with real estate, the mortgage may be foreclosed, as if wholly of real estate. M. Lowenstein & Sons vs. British-American Mfg. Co., 7 Fed. 2d 51. The same principle is involved in what is said in 2 Wiltsie on Mortgage Foreclosure (5th Ed.), Section 694 where the author says: "The supreme court of the United States has said that a plantation, and the personal property belonging thereto, may be sold in a lump under a mortgage including both." The author cites Stockmeyer vs. Tobin, 139 U. S. 176, 35 L. Ed. 123, 11 Sup. Ct. Rep. 504, decided under Louisiana law. In that case the court cites Morris vs. Womble, 30 La. Ann. 1312, wherein the court held in substance that property may be sold as a unit, if it is mortgaged as a unit by contract of the parties, and thus made indivisible, *whether so by nature or not*. In fact in its final analysis, as we have already indicated, the understanding of the parties as between themselves in the case at bar amounts to this, that for the purposes

of this case, since the right of foreclosure is an incident to the mortgage, the mortgagor in case of default may foreclose the mortgage, as if wholly of real estate—the understanding of the parties, as between themselves, taking the place of the statute such as that in Connecticut. And that fact would seem to follow logically from the decision of this court in Finance Corp. vs. Smith, supra. The Louisiana cases go even so far as to hold that a mortgage on real estate takes precedence, so far as the mules were concerned, over a subsequent chattel mortgage on the mules. But that holding is contrary to the holding in other states. Detroit Trust Co. vs. Detroit City Service Co., 262 Mich. 14, 31, 247 N.W. 76, and see the Pennsylvania case, infra.

We are not altogether without light on the question before us from decisions in other states. In Klaus vs. Majestic Apt. House Co., 250 Pa. 194, 212, 95 Atl. 451 the mortgage in question was on a hotel and the accessories belonging thereto. Counsel argued as stated by the court: "that under the terms of the mortgage the words 'hotel plant' include all personal property in such 'plant' necessary for its operation as such, whether or not attached to the realty, and should consequently be treated as realty." The court answered: "We have examined with great care the authorities submitted by the learned counsel in his attempt to sustain this position. We are of opinion, however, that while, as between the mortgagee and the mortgagor such an interpretation might prevail, if it were the intention of the parties to create such a mortgage, yet the law of Pennsylvania is well settled that chattel mortgages are void as against creditors." No creditors are involved in the case at bar. It would seem that it is not unlikely that the Pennsylvania court would have upheld the doctrine that as between the parties personal property may at least for certain purposes be considered as real property. See

Irving Trust Co. vs. Spruce Apartments, 44 Fed. 2d 218, 220. Again we must consider the case of Williams vs. Corless, 59 Utah 137, 202 P. 834. In that case a mortgage was given which contained both real and personal property. The mortgagee treated the mortgage as containing only real property and apparently it was so treated by all the parties to the mortgage, as well as by the court which foreclosed the mortgage. The mortgagee wanted to redeem from the sale of the property under a judgment in favor of the mortgagee, including the redemption as to personal property, although there was no statute, as is true in this state, providing for redemption from a sale of personal property. The court stated: "We think it necessarily follows that, in the absence of some showing to the contrary in the record before us, the plaintiff had the right to regard the property as realty, redeem it as such, and to demand a deed of conveyance therefor." If the mortgagor may, under the circumstances mentioned, treat personal property as part of real property, there is no reason why, under the circumstances such as exist in the case at bar, the mortgagee should not have the same right. We must hold accordingly that the sale made of the property contained in the mortgage was a sale as of real property and that the objections made herein by counsel for the appellants are not well taken.

In Ferguson vs. Haygood, 225 P. 2d 336, 344, we cited cases holding that the regularity of the proceedings on foreclosure may be tested in an action for forcible entry and detainer. See also 59 C. J. S. 1004-1005 and cases cited; 2 Wiltsie on Mortgage Foreclosure (5th Ed.), Sections 898 and 906; 3 Jones on Mortgages (8th Ed.), Sections 2451 and 2453. On the other hand there are cases cited by the plaintiff holding that when a mortgagee has the right to foreclose, the foreclosure sale passes legal title even though the power of sale may

have been improperly executed and the sale be subsequently voidable in equity. Peterson vs. Kansas City Life Insurance Co., 339 Mo. 700, 98 S.W. 2d 770, 108 A. L. R. 583. See Annotation thereto. See also Exchange State Bank vs. Occident Elevator Co., 95 Mont. 78, 24 P. 2d 126; Loeb vs. Dowling, 349 Mo. 674, 162 S.W. 2d 875; Levin vs. Reliance Co-Operative Bank, 301 Mass. 101, 16 N.E. 2d 88. These cases were not cases involving an action of forcible entry and detainer. How far, if at all, they may be reconciled with the cases cited in Ferguson vs. Haygood, supra, or which line of authorities, if not reconcilable, should prevail, need not be decided since the sale of the property herein as real property was regular.

The judgment of the trial court must be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, C. J. and RINER, J. concur.