The GLADSTONE HOTEL, INC. et al.,
Appellants (Plaintiffs below),

v.

C. Hampton SMITH et al., Appellees
(Defendants below).

Earl R. JOHNSON, Sr. et al., Appellants
(Defendants below),

Harry E. Stuckenhoff et al. (Defend-
ants below),

v.

Phyetta SMITH and C. Hampton Smith,
Appellees (Plaintiffs below),

Wyoming National Bank of Casper (Defend-
ant below), (Two Cases).

Nos. 3877, 3892, 3942.

Supreme Court of Wyoming.

June 30, 1971.

Rehearing Denied Aug. 2, 1971.

**330**

Raymond B. Whitaker, Casper, for appellants.

Ernest Wilkerson and William E. Barton, Casper, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Three appeals are now here as an aftermath of previous litigation growing out of a purchase of the Gladstone Hotel property from transferees of the Smiths by the Johnsons; the subsequent default of the Johnsons; the resulting foreclosure of a second mortgage held by the Smiths on the property, subject to a first mortgage originally held by Massachusetts Mutual Life Insurance Corporation and after commencement of the proceedings assigned to the Wyoming National Bank of Casper; and the appointment of a receiver. The circumstances can best be understood by reference to the decision of this court in Johnson v. Smith, Wyo., 455 P.2d 244, which affirmed the trial court's determination in various aspects relating to the foreclosure and receivership. The present appeals are from three facets of the persisting controversy. No. 3892 asserts lack of jurisdiction of the trial court in certain procedures relating to the termination of the receivership and the conclusion of the proceedings following the decision in the previous appeal. No. 3877 is an appeal from a summary judgment dismissing plaintiffs' complaint against defendants for damages resulting from the breach of promise by the Smiths to arrange refinancing with respect to mortgages covering the Gladstone Hotel property. No. 3942 is grounded upon the contention that the Johnsons had a right to redeem the property sold by the Wyoming National Bank under its first mortgage subsequent to the date of the previous appeal. The three cases have been here consolidated for hearing and decision.

Case No. 3892 (Natrona County Civil
No. 30388)

Receivership of the Gladstone Hotel property had commenced in the fall of 1967. Subsequent to the issuance of the mandate in Johnson v. Smith, supra, the Wyoming National Bank, pursuant to its motion, was authorized to foreclose its real and personal property mortgages, which foreclosure was effected December 11, 1969. On January 6, 1970, the trial court set for hearing February 24, 1970, the receiver's final report and the petition of the Wyoming National Bank for an order determining entitlement to the surplus funds realized from the foreclosure sales and terminating the receivership, as well as all other matters still undisposed of. Following the hearing the court entered an order concerning various features of the case, and appeal has been taken therefrom. In the appeal it is claimed that the court lacked jurisdiction in:

1. Accepting the Wyoming National Bank's report of sale under its first mortgage.

2. Decreeing the Johnsons owed the receivership $10,146.13 for 1966 taxes and $9,215.04 for 1967 taxes.

3. Directing that funds derived from the foreclosure of the first mortgage be divided in a specific manner.

4. Decreeing that the receiver owed C. Hampton Smith $40,300 for cash advanced

to provide operating funds and to pay past due taxes at the inception of the receivership.

Appellants also argue that the court erred in indicating that F. E. Miracle, purchaser at the mortgage foreclosure, assigned his rights to C. Hampton Smith; however the record shows that on December 12, 1969, Miracle did quitclaim to Smith.

█ As to the matter of jurisdiction, it is of course true that the foreclosure action concerning the first mortgage was not envisioned in the original complaint filed in Natrona County Civil No. 30388. However, "the property was in the hands of the receiver and therefore in custody of the law,"[1] on October 2, 1969, when the Wyoming National Bank moved in No. 30388 for order to show cause why its mortgages should not be foreclosed; and we view the trial court's subsequent actions as properly within its jurisdiction. Furthermore, it appears that the various matters now complained of have adequate support in the record.

Affirmed.

### Case No. 3877

On August 18, 1969, suit was brought against defendants and damages in the amount of $200,000 demanded because of the Smiths' alleged failure to obtain promised refinancing of the mortgages held by Massachusetts Mutual Life Insurance Corporation. Defendant C. Hampton Smith moved for dismissal on the ground that the complaint failed to state a claim upon which relief could be granted and simultaneously moved for summary judgment, filing affidavits in support thereof. Plaintiffs did not counter these affidavits,

which stated that the Smiths had no prior knowledge of the Johnsons' 1965 acquisition of the property and that their counsel had at no time made any representations to the Johnsons that he would secure a reduction in required payments under the mortgages. No response was made by the Johnsons prior to the hearing on the motion, but at the hearing testimony from Johnson was adduced. The court, finding that summary judgment should be granted, dismissed the complaint; it is now argued this was error since definite factual issues were before the court.[2]

Appellants' position, supported by Johnson's testimony is that prior to the Johnsons' purchase in December 1965 of the property from Dr. Harry E. Stuckenhoff (subject to all encumbrances of record) the Smiths (mortgagors) through their attorney promised they would arrange for refinancing of the mortgages held by Massachusetts Mutual Life Insurance Corporation; that otherwise Johnson would not have made the purchase; that on January 4, 1966, he received a letter from the Smiths' attorney to the effect that they and Massachusetts Mutual would change the payment schedule, extending it up to ten years; and that not until the Spring of 1967 did Johnson know that the refinancing would not be allowed (although it was not denied that Massachusetts Mutual by its February 2, 1966, letter to Johnson advised it could not hold out much encouragement and suggested he might want "to give thought to refinancing the property through another source").

On the other hand, defendants exhibited the January 4, 1966, letter from the Smiths' counsel to Johnson, which stated that C. Hampton Smith had told his counsel he, at Johnson's request, had "initiated

1. Tibbals v. Graham, 50 Wyo. 277, 61 P.2d 279, 282 (rehearing denied 50 Wyo. 277, 62 P.2d 285; hearing denied 51 Wyo. 350, 66 P.2d 1048); Abramson v. Brant, Fla.App., 141 So.2d 777, 778.

2. Appellants also maintain that proper notice was not given of the hearing, but we do not consider this as meriting dis-

cussion. Even assuming arguendo the validity of the argument, where it is shown—as here—that the party had actual notice and time to prepare to meet the questions raised by the motions of an adversary Rule 6(d), W.R.C.P., need not be applied. Herron v. Herron, 5 Cir., 255 F.2d 589, 593.

with Massachusetts Mutual a request to extend the term of the first mortgage loan to a ten-year period * * * [and trusted] the response * * * [might] be favorable." In his affidavit, the Smiths' counsel stated he had no knowledge of the sale of the Gladstone Hotel by Dr. Stuckenhoff to the plaintiffs in December 1965 and had at no time made any representations to them that he would secure a reduction in required payments under the mortgages to induce them to purchase the hotel although after the purchase, at Johnson's request, an attempt had been made for a reduction.

While we can agree there was indeed a factual issue, it does not follow that it concerned any material fact. Unfortunately, counsel fails to address himself to this critical phasis. The general rule is that the law does not afford relief to one who suffers by not using the ordinary means of information, whether his neglect be attributable to indifference or credulity, Andrus v. St. Louis Smelting and Refining Company, 130 U.S. 643, 647, 9 S.Ct. 645, 32 L.Ed. 1054; 37 Am.Jur.2d Fraud and Deceit § 333; and see Schaffer v. Standard Timber Company, 79 Wyo. 137, 331 P.2d 611, 615, 37 Am.Jur.2d Fraud and Deceit § 265. While the law will not protect a positive, intentional fraud successfully practiced upon the simple minded or unwary, the circumstances here are completely outside such a situation; and even if the facts were as Johnson stated, the moving party was entitled to judgment as a matter of law.

Affirmed.

## Case No. 3942

The Gladstone Hotel property was sold December 11, 1969, to satisfy the first mortgage against it.[3] On June 11, 1970, Johnson presented a check for $89,250 for the purpose of redeeming the real estate which had been sold, but his offer of redemption was not allowed, the trial court holding that none of Earl R. Johnson, Sr., Earl R. Johnson, Jr., or Gladstone Hotel, Inc., was a person whose lands or tenements had been sold so as to come within the provisions of § 1–480, W.S.1957.

Appellants now point to the fact that the Johnsons are the owners of the capital stock of Gladstone Hotel, Inc., which corporation they allege is the sole owner of the liquor license permitting the sale and dispensing of alcoholic beverages on the premises of the Gladstone Hotel, and say that under the authority of Hill v. Salmon, 69 Wyo. 1, 236 P.2d 518, they are entitled to redeem. No cogent argument is presented on their thesis, and we fail to see the merit in their contention. The Hill case essentially determined that under certain limited circumstances personal property could be considered as realty for the purpose of mortgage foreclosure when the rights of third parties were not prejudiced, the action there having commenced when plaintiff (mortgagee, who upon foreclosure had purchased) brought an action of forcible entry and detainer to gain possession of property from mortgagors (who claimed the sale was illegal because of personal property having been sold with the real). In the instant situation when appellants failed to redeem upon the foreclosure of the second mortgage on the Gladstone Hotel they were left without an interest in the mortgaged real property so as to later redeem it when the first mortgage was foreclosed.

Affirmed.

GRAY, Justice (concurring in part and dissenting in part).

I concur in the opinion and holding in Case 3877. In view of my dissent, however, in Johnson v. Smith, Wyo., 455 P.2d

---

3. The real property sold for $85,000; and under the holding of this court in Johnson v. Smith, Wyo., 455 P.2d 244, 251, the purchaser had the opportunity to apply to the licensing authority for continuation or renewal of the liquor license. The property covered by the chattel mortgage was also sold and $11,000 received therefor.

244, I am constrained to dissent in Cases 3892 and 3942.

With respect to Case 3892, I expressed the view in Johnson, supra, that the lower court exceeded its jurisdiction and powers when it undertook to exercise control over the liquor license owned by Gladstone Hotel, Inc., and to empower the receiver to take possession of and operate the business authorized by such license. I also said that the concept of appointing a receiver to take possession of the mortgaged property and operate it as a going concern in the interest of the parties involved could not be given unlimited sway under the circumstances of this case.

It was apparent at that time to all concerned that the only segment of the business of the hotel of any economic value as a going concern was the liquor license and the business authorized thereby. It was my view that the court would have been well advised under the circumstances to have granted the motion of Gladstone Hotel, Inc., to dissolve the receivership, but that was not done and the consequences thereof are carried forward into the present proceeding. To intermingle in the receivership the liquor business of the hotel and the other segments of the hotel business that might legally have constituted the mortgaged property could not but lead to misunderstandings and difficulties in the conduct of the receivership as is now demonstrated by the present proceedings. No effort has been made by the beneficiaries of the trial court's error, with the exception of income, to segregate the expenditures and obligations between what the court might lawfully have accomplished by the receivership and the illegal phase of the receivership. The fact is that under the supplemental order of the court on motion of plaintiff C. Hampton Smith authorizing and directing the receiver to let Smith take over the operation of the hotel the receiver was deprived of any income, made no expenditures, and incurred no liability resulting from such operations.

Apparently this proviso was to operate as a sort of safeguard to the interests of the Johnsons and the hotel corporation but that it failed to accomplish that result is self evident. The claims of the receiver against the Johnsons and of Smith are based upon and have their origin in Smith's operation of the hotel business and under the circumstances, as I view it, the court was in error in allowing such claims.

With respect to 3942, it was the theory of the prevailing parties, the trial court, and the majority of this court, as I understand it, that the liquor license in some fashion or other became appurtenant to the real estate and this is borne out by the foreclosure proceedings by the Wyoming National Bank of both the real estate mortgage and the chattel mortgage. The liquor license and the right to operate the business authorized thereby was sold as a part of the real estate. Now to hold that the Johnsons as the sole owners of Gladstone Hotel, Inc., had no interest sufficient to entitle them to redeem from the foreclosure sale of the real estate is wholly inconsistent. The mere fact that the license under authority of the court was renewed in the name of the receiver is of no consequence. The right, title and interest of the hotel corporation in the liquor license and the preference right to renew under the provisions of § 12–11, W.S.1957, has never been legally terminated and consequently I would hold that the court erred in depriving the Johnsons from exercising their right to redeem.